Answer

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

KENNETH S. ROBBINS 1000-0
LEIGHTON M. HARA        7826-0
WENDY M. YAMAMOTO      8049-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-2355
Facsimile:  (808) 526-0290
Email:  defend@robbinsandassociates.net

Attorneys for Defendants HAWAI'I PACIFIC HEALTH,
KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL
and WILCOX HEALTH SYSTEM

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf,<br><br>        Plaintiffs,<br><br>    v.<br><br>HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04-00596 ACK LEK<br>(Federal and Sate - Qui Tam)<br><br>DEFENDANTS HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM'S ANSWER TO COMPLAINT, FILED OCTOBER 1, 2004; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

Defendants.                    )

_____     )

DEFENDANTS HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL
CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH
SYSTEM'S ANSWER TO COMPLAINT, FILED OCTOBER 1, 2004

COME NOW Defendants HAWAI'I PACIFIC HEALTH, KAUAI

MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH

SYSTEM ("HPH Defendants"), by and through their attorneys, Robbins &

Associates, and for answer to Plaintiffs' Complaint, filed with this Court on October 1,

2004, state as follows:

FIRST DEFENSE

1.     Plaintiffs' Complaint does not state a claim upon which relief can

be granted.

SECOND DEFENSE

2.     In answer to Paragraph 1 of the Complaint, HPH Defendants

neither admit nor deny the allegations contained therein as HPH Defendants are

without knowledge or information sufficient to form a belief as to the truth thereof.

3.     In answer to Paragraph 2 of the Complaint, HPH Defendants

admit only that Defendant Hawai`i Pacific Health ("HPH") is a not-for-profit

corporation doing business in Hawai`i, which is also its principal place of business. In

December, 2001, HPH Defendants was formed with the merger of Wilcox Health,

Kapi`olani Health and Straub Clinic and Hospital.

2

4.      In answer to Paragraphs 3 and 4 of the Complaint, HPH Defendants admit the allegations contained therein.

5.      In answer to Paragraph 5 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

Jurisdiction and Venue

HPH Defendants deny that jurisdiction resides in this Court, but state that 28 U.S.C. §§ 1331 and 1337 speak for themselves.

6.      In answer to Paragraph 6 of the Complaint, HPH Defendants deny the allegations contained therein.

7.      In answer to Paragraph 7 of the Complaint, HPH Defendants deny that venue, subject matter jurisdiction and/or personal jurisdiction reside in this Court for any Federal and/or State claims alleged in the Complaint, but state that 31 U.S.C. §§ 3729-33, and H.R.S. §§ 301-21.5, 634-35, and 603-36 speak for themselves.

COUNT I
(Violations of Federal and State False Claims Acts,
inter alia, 31 U.S.C § 3729, et seq and H.R.S. § 661-21)

8.      In answer to Paragraph 8 of the Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 7 as though here at length repeated, and same are adopted by reference.

9.     In answer to Paragraph 9 of the Complaint, HPH Defendants deny all allegations contained therein, except insofar as 31 U.S.C. § 3729, et seq. and H.R.S. § 661-21 speak for themselves.

10.     In answer to Paragraph 10 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein as Defendants are without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729(a)(1), (2), and (3), and H.R.S. §§ 661-21(a)(1), (2), and (3) speak for themselves.

11.     In answer to Paragraph 11 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein as Defendants are without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729, et seq. speak for themselves.

12.     In answer to Paragraph 12 of the Complaint, HPH Defendants admit only that 31 U.S.C. §§ 3729(a)(1) and H.R.S. §§ 661-21(a)(1) prohibit submission of false or fraudulent claims for payment or approval by Medicare, Medicaid, Tri-CARE, or other State and Federal programs.  HPH Defendants deny the remaining allegations contained therein as they apply to HPH Defendants.

13.     In answer to Paragraph 13 of the Complaint, HPH Defendants admit only that 31 U.S.C. §§ 3729(a)(2) and H.R.S. §§ 661-21(a)(2) prohibit making or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by Medicare, Medicaid, Tri-CARE, or other State and Federal

programs.  HPH Defendants deny the remaining allegations contained therein as they apply to HPH Defendants.

14.     In answer to Paragraph 14 of the Complaint, HPH Defendants admit only that 31 U.S.C. §§ 3729(a)(3) and H.R.S. §§ 661-21(a)(3) prohibit conspiring to defraud Medicare, Medicaid, Tri-CARE, or other State and Federal programs by causing a false or fraudulent claim to be allowed or paid.  HPH Defendants deny the remaining allegations contained therein as they apply to HPH Defendants.

15.     In answer to Paragraph 15 of the Complaint, HPH Defendants admit only those allegations therein as they pertain to HPH, KMC, WMH, and WHS.

16.     In answer to Paragraph 16 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

17.     In answer to Paragraph 17 of the Complaint, HPH Defendants admit that they participate in Medicare/Medicaid programs in connection with which they submit bills and receive payments.

18.     In answer to Paragraph 18 of the Complaint, HPH Defendants admit only that KMC, WMH and WHS are wholly-owned subsidiaries of HPH and deny the remaining allegations therein.

19.     In answer to Paragraph 19 of the Complaint, HPH Defendants deny all allegations contained therein as to HPH, KMC, WMH, and WHS.

Fraudulent Medical Record Keeping

20.    In answer to Paragraph 20 of the Complaint, HPH Defendants admit only that Dr. Lockyer was employed by KMC in its internal medicine department.

21.    In answer to Paragraph 21 of the Complaint, HPH Defendants admit only that documents were produced to Dr. Lockyer in arbitration. HPH Defendants are without knowledge as to the motivation of Plaintiff Lockyer and deny all other allegations contained therein.

22.    In answer to Paragraph 22 of the Complaint, HPH Defendants neither admit nor deny what Dr. Lockyer "discovered," as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof. HPH Defendants deny all remaining allegations therein as they relate to HPH, KMC, WMH, and WHS.

Billing for Services not Provided

23.    In answer to Paragraph 23 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

24.    In answer to Paragraph 24 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

25.    In answer to Paragraph 25 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

26.    In answer to Paragraph 26 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

27.    In answer to Paragraph 27 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

28.    In answer to Paragraph 28 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

29.    In answer to Paragraph 29 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

30.    In answer to Paragraph 30 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

31.    In answer to Paragraph 31 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

32.    In answer to Paragraph 32 of the Complaint, HPH Defendants deny all allegations therein as they relate to HPH, KMC, WMH, and WHS.

33.    In answer to Paragraph 33 of the Complaint, HPH Defendants deny all allegations therein as they relate to HPH, KMC, WMH, and WHS.

34.    In answer to Paragraph 34 of the Complaint, HPH Defendants deny all allegations therein as they relate to HPH, KMC, WMH, and WHS.

<u>COUNT II</u>
(Wrongful Termination and Retaliation)

35.    In answer to Paragraph 35 of the Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 34 as though here at length repeated, and same are adopted by reference.

36.    In answer to Paragraph 36 of the Complaint, HPH Defendants admit only that H.R.S. Chapter 661, H.R.S. §§ 28-91 and 346-14, and Title 17, chapter 1704 and Title 11, chapter 94 of the Hawai`i Administrative Rules speak for themselves.

37.    In answer to Paragraph 37 of the Complaint, HPH Defendants admit only that Dr. Lockyer requested an audit of KMC's finances.  HPH Defendants neither admit nor deny the allegations concerning what Dr. Lockyer was "aware" of or "suspected," as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.  HPH Defendants deny the remaining allegations contained therein.

8

38.    In answer to Paragraph 38 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

39.    In answer to Paragraph 39 of the Complaint, HPH Defendants admit the allegations contained therein.

40.    In answer to Paragraph 40 of the Complaint, HPH Defendants admit only that documents were produced to Dr. Lockyer in arbitration.  HPH Defendants deny all remaining allegations contained therein.

41.    In answer to Paragraph 41 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

42.    In answer to Paragraph 42 of the Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

43.    In answer to Paragraph 43 of the Complaint, HPH Defendants admit only that Dr. Lockyer resigned from KMC.  HPH Defendants neither admit nor deny the remaining allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

44.    In answer to Paragraph 44 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

45.    In answer to Paragraph 45 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

46.     In answer to Paragraph 46 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

47.     In answer to Paragraph 47 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

48.     In answer to Paragraph 48 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

COUNT III
(Whistleblower Protection:
31 U.S.C. § 3730(h) and H.R.S. § 378-61)

49.     In answer to Paragraph 49 of the Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 48 as though here at length repeated, and same are adopted by reference.

50.     In answer to Paragraph 50 of the Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS. HPH Defendants submit that 31 U.S.C. § 3730(h) and H.R.S. § 378-61 speak for themselves.

COUNT IV
(Punitive Damages)

51.     In answer to Paragraph 51 of the Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 50[1] as though here at length repeated, and same are adopted by reference.

---

[1]  Note that the complaint lists Nos. 1 through 51.

52.    In answer to Paragraph 52 of the Complaint, HPH Defendants

deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

53.    In answer to Paragraph 53 of the Complaint, HPH Defendants

deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

## ALL COUNTS

54.    HPH Defendants defer to Dr. Evslin to respond to all allegations

in Plaintiffs' Complaint which pertain to Dr. Evslin.

55.    Any allegations against HPH Defendants contained in Plaintiffs'

Complaint not specifically addressed in this Answer are hereby denied.

## THIRD DEFENSE

56.    The Court lacks subject matter jurisdiction over the Complaint.

## FOURTH DEFENSE

57.    Plaintiffs' claims are barred for failure to exhaust administrative

remedies.

## FIFTH DEFENSE

58.    Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

## SIXTH DEFENSE

59.    Some or all of Plaintiffs' claims are barred by the applicable

Statute of Limitations.

## SEVENTH DEFENSE

60.    The Complaint is barred by the Statute of Frauds.

## EIGHTH DEFENSE

61.    The Complaint is barred by lack of privity.

## NINTH DEFENSE

62.    The Complaint is barred by lack of standing.

## TENTH DEFENSE

63.    The Complaint is barred by equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## ELEVENTH DEFENSE

64.    The rights and remedies of Plaintiff are restricted by agreement.

## TWELFTH DEFENSE

65.    Some or all of Plaintiffs' claims are barred by accord and satisfaction.

## THIRTEENTH DEFENSE

66.    The Complaint is barred by absence of any irreparable harm to Plaintiffs.

## FOURTEENTH DEFENSE

67.    Some or all of Plaintiffs' claims are barred because HPH Defendants acted in good faith.

## FIFTEENTH DEFENSE

68.    Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

## SIXTEENTH DEFENSE

69.    Some or all of Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

## SEVENTEENTH DEFENSE

70.    Some or all of Plaintiffs' claims are barred as any and all of HPH Defendants' actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute bona fide business practices, and were carried out in furtherance of HPH Defendants' legitimate business interests.

## EIGHTEENTH DEFENSE

71.    The Complaint is barred as the injuries alleged by Plaintiffs were caused in whole or in part by the conduct of third parties for whom HPH Defendants were not responsible; through forces in the marketplace over which HPH Defendants have no control; or through acts or omissions on the part of Plaintiffs.

## NINETEENTH DEFENSE

72.    The Complaint is barred as Plaintiffs suffered no harm to their reputations, their business, or otherwise, as a result of any conduct set forth in the Complaint.

## TWENTIETH DEFENSE

73.    Plaintiffs are barred from maintaining this action against HPH Defendants by reason of Plaintiffs' own negligence or other wrongful conduct which was the legal cause of the damages alleged by this Complaint.

### TWENTY-FIRST DEFENSE

74.    The Complaint is barred by voluntary assumption of a known risk.

### TWENTY-SECOND DEFENSE

75.    Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

### TWENTY-THIRD DEFENSE

76.    The liability, if any, for the damages alleged in the Complaint rests with parties other than the HPH Defendants.

### TWENTY-FOURTH DEFENSE

77.    Plaintiffs are not entitled to recover the punitive damages demanded in their Complaint as an award of punitive damages would violate HPH Defendants' rights under the Constitution of the United States of America and under the Constitution of the State of Hawai`i, including HPH Defendants' right to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Hawaii; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of the State of Hawaii; and (3) substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I of the Constitution of the State of Hawaii.

## TWENTY-FIFTH DEFENSE

78.     Plaintiffs' claims are barred or should be reduced by comparative negligence.

## TWENTY-SIXTH DEFENSE

79.     Plaintiffs' claims are barred because of prior knowledge of the government.

## TWENTY-SEVENTH DEFENSE

80.     Plaintiffs' claims are bared by qualified privilege and or qualified immunity.

## TWENTY-EIGHTH DEFENSE

81.     Plaintiffs' claims should be dismissed because this court lacks jurisdiction due to previous public disclosure of the allegations underlying the Complaint.

## TWENTY-NINTH DEFENSE

82.     Plaintiffs' claims should be dismissed for failure to state and plead said claims with particularity.

## THIRTIETH DEFENSE

83.     Based on the allegations in the Complaint, Defendants Hawai`i Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System cannot formulate all of their defenses at this time, but reserve the right to

amend their answer to include additional affirmative defenses if and when discovery justifies same.

WHEREFORE, Defendants Hawai`i Pacific Health, Kauai  Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System pray that:

A.    All claims contained in Plaintiffs' Complaint against HPH Defendants be dismissed with prejudice;

B.    They be awarded attorneys' fees and costs;

C.    They have such other and further relief as this Court deems just and equitable.

DATED:  Honolulu, Hawaii, June 20, 2006.


/s/ Kenneth S. Robbins
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendants
HAWAI'I PACIFIC HEALTH, KAUAI
MEDICAL CLINIC, WILCOX MEMORIAL
HOSPITAL AND WILCOX HEALTH
SYSTEM


Civil No. 04-00596 ACK LEK; USA ex rel. Lockyer v. Hawai'i Pacific Health, et al.; DEFENDANTS HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM'S ANSWER TO COMPLAINT, FILED OCTOBER 1, 2004