## MARR HIPP JONES & WANG
A LIMITED LIABILITY LAW PARTNERSHIP

BARRY W. MARR         1937-0
PATRICK H. JONES      4246-0
JAN M. BOIVIN         8138-0
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
bmarr@marrhipp.com

Attorneys for Defendant
WILLIAM A, EVSLIN, M.D. aka LEE A. EVSLIN, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf;<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAIʻI PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.;<br><br>Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam)<br><br>DEFENDANT WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.'S ANSWER TO COMPLAINT FILED OCTOBER 1, 2004; CERTIFICATE OF SERVICE<br><br><br><br><br><br>Trial Date:  March 20, 2007 |

79341.v1
0800.001

DEFENDANT WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.'S
ANSWER TO COMPLAINT FILED OCTOBER 1, 2004

Defendant WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D. (referred to herein as "Defendant") hereby answers the Complaint filed by Plaintiffs JAMES LOCKYER, M.D., UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., and STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. (collectively the "Plaintiffs") on October 1, 2004 (the "Complaint") as follows:

FIRST DEFENSE

1. In answer to paragraph 1 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

2. In answer to paragraph 2 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

3. In answer to paragraph 3 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

4. In answer to paragraph 4 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

5.   In answer to paragraph 5 of the Complaint, Defendant admits that he is a resident of the State of Hawaiʻi and is licensed to practice as a physician in the State of Hawaiʻi.

### Jurisdiction and Venue

Defendant states that 28 U.S.C. §§ 1331 and 1337 speak for themselves.  Defendant denies that jurisdiction resides in this Court.

6.   Defendant denies the allegations in paragraph 6 of the Complaint.

7.   In answer to paragraph 7 of the Complaint, Defendant states that 31 U.S.C. §§ 3729-33, and H.R.S. §§ 601-21.5, 634-35, and 603-36 speak for themselves.  Defendant denies that venue, subject matter jurisdiction and/or personal jurisdiction reside in this Court for any Federal and/or State claims alleged in the Complaint.

### COUNT I
### (Violations of Federal and State False Claims Acts, inter alia, 31 U.S.C. § 3729, et seq and H.R.S. § 661-21)

8.   In answer to paragraph 8 of the Complaint, Defendant realleges and hereby incorporates its answers to paragraph 1-7 as set forth above.

9.   In answer to paragraph 9 of the Complaint, Defendant denies all allegations contained therein, except insofar as 31 U.S.C. § 3729, et seq. and H.R.S. § 661-21 speak for themselves.

10. In answer to paragraph 10 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729(a)(1), (2), and (3), and H.R.S. §§ 661-21(a)(1), (2), and (3) speak for themselves.

11. In answer to paragraph 11 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. § 3729, et seq. speak for themselves.

12. In answer to paragraph 12 of the Complaint, Defendant states that 31 U.S.C. §§ 3729(a)(1) and H.R.S. §§ 661-21(a)(1) speak for themselves.

13. In answer to paragraph 13 of the Complaint, Defendant states that 31 U.S.C. §§ 3729(a)(2) and H.R.S. §§ 661-21(a)(2) speak for themselves.

14. In answer to paragraph 14 of the Complaint, Defendant states that 31 U.S.C. §§ 3729(a)(3) and H.R.S. §§ 661-21(a)(3) speak for themselves.

15. In answer to paragraph 15 of the Complaint, Defendant neither admits nor denies the allegations with regard to Hawai'i Pacific Health ("HPH"), Kauai Medical Clinic ("KMC"), Wilcox Memorial Hospital ("WMH"), and Wilcox Health System ("WHS"), as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof. Defendant denies the remaining allegations in paragraph 15.

16. In answer to paragraph 16 of the Complaint, Defendant states that the federal and state laws, regulations, rules, and instructions pertaining to the administration of the Medicare/Medicaid programs speak for themselves. Defendant admits that he has rendered care on claims submitted as a part of Medicare/Medicaid programs. Defendant denies the remaining allegations in paragraph 16.

17. In answer to paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 17.

18. In answer to paragraph 18 of the Complaint, Defendant neither admit nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

19. In answer to paragraph 19 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 19.

### Fraudulent Medical Record Keeping

20. In answer to paragraph 20 of the Complaint, Defendant admits Defendant interviewed Plaintiff for employment at KMC in its internal medicine department. Defendant denies the remaining allegations in paragraph 20.

21. In answer to paragraph 21 of the Complaint, Defendant admits that Plaintiff initiated an arbitration procedure as provided by in Plaintiff's employment agreement. Defendant denies the remaining allegations in paragraph 21.

22. In answer to paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

### Billing for Services not Provided

23. In answer to paragraph 23 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

24. In answer to paragraph 24 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

25. In answer to paragraph 25 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

26. In answer to paragraph 26 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. In answer to paragraph 28 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

29. In answer to paragraph 29 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

30. In answer to paragraph 30 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

31. In answer to paragraph 31 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

## COUNT II
### (Wrongful Termination and Retaliation)

35. In answer to paragraph 35 of the Complaint, Defendant realleges and hereby incorporates its answers to paragraph 1-34 as set forth above.

36. In answer to paragraph 36 of the Complaint, Defendant states that H.R.S. Chapter 661, H.R.S. §§ 28-91 and 346-14, and Title 17, Chapter 1704 and Title 11, Chapter 94 of the Hawai'i Administrative Rules speak for themselves.

37. In answer to paragraph 37 of the Complaint, Defendant neither admits nor denies the allegations concerning what Plaintiff "knew," was "aware" of, or "suspected," as Defendant is without knowledge or information sufficient to form a belief as to the truth regarding these allegations. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. In answer to paragraph 39 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

40. In answer to paragraph 40 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 40.

41. In answer to paragraph 41 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 41.

42. In answer to paragraph 42 of the Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

43. In answer to paragraph 43 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 43.

44. In answer to paragraph 44 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 44.

45. In answer to paragraph 45 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

## COUNT III
### (Whistleblower Protection: 31 U.S.C. §3730(h) and H.R.S. §378-61)

49. In answer to paragraph 49 of the Complaint, Defendant realleges and hereby incorporates its answers to paragraph 1-48 as set forth above.

50. In answer to paragraph 50 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 50.

## COUNT IV
### (Punitive Damages)

51. In answer to paragraph 51 of the Complaint, Defendant realleges and hereby incorporates its answers to paragraph 1-50 as set forth above.

52. In answer to paragraph 52 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 52.

53. In answer to paragraph 53 of the Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 53.

## ALL COUNTS

54. Any allegations against Defendant contained in the Complaint not specifically addressed in this Answer are hereby denied.

## SECOND DEFENSE

55. The Court lacks subject matter jurisdiction over the Complaint.

## THIRD DEFENSE

56. Plaintiffs' claims are barred for failure to exhaust administrative remedies.

## FOURTH DEFENSE

57. Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

## FIFTH DEFENSE

58. Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

## SIXTH DEFENSE

59. The Complaint is barred by the Statute of Frauds.

## SEVENTH DEFENSE

60. The Complaint is barred by lack of privity.

## EIGHTH DEFENSE

61. The Complaint is barred by lack of standing.

## NINTH DEFENSE

62. The Complaint is barred by equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## TENTH DEFENSE

63. The rights and remedies of Plaintiffs are restricted by agreement.

## ELEVENTH DEFENSE

64. Some or all of Plaintiffs' claims are subject to binding arbitration.

## TWELFTH DEFENSE

65. Some or all of Plaintiffs' claims are barred by accord and satisfaction.

## THIRTEENTH DEFENSE

66. The Complaint is barred by absence of any irreparable harm to Plaintiffs.

## FOURTEENTH DEFENSE

67. Some or all of Plaintiffs' claims are barred because Defendant acted in good faith and within the scope of his employment.

## FIFTEENTH DEFENSE

68. Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

## SIXTEENTH DEFENSE

69.     Some or all of Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

## SEVENTEENTH DEFENSE

70.     Some or all of Plaintiffs' claims are barred as any and all of Defendant's actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute bona fide business practices, and were carried out in furtherance of Defendant's legitimate business interests.

## EIGHTEENTH DEFENSE

71.     The Complaint is barred as the injuries alleged by Plaintiffs were caused in whole or in part by the conduct of third parties for whom Defendant was not responsible; through forces in the marketplace over which Defendant have no control; or through acts or omissions on the part of Plaintiffs.

## NINETEENTH DEFENSE

72.     The Complaint is barred as Plaintiffs suffered no harm to their reputations, their business, or otherwise, as a result of any conduct set forth in the Complaint.

## TWENTIETH DEFENSE

73.     Plaintiffs are barred from maintaining this action against Defendant by reason of Plaintiffs' own negligence or other wrongful conduct which was the legal cause of the damages alleged by this Complaint.

## TWENTY-FIRST DEFENSE

74. The Complaint is barred by voluntary assumption of a known risk.

## TWENTY-SECOND DEFENSE

75. Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

## TWENTY-THIRD DEFENSE

76. The liability, if any, for the damages alleged in the Complaint rests with parties other than the Defendant.

## TWENTY-FOURTH DEFENSE

77. Plaintiffs are not entitled to recover the punitive damages demanded in their Complaint as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of Hawai'i, including Defendant's rights to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Hawai'i; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of the State of Hawai'i; and (3) substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I of the Constitution of the State of Hawai'i.

### TWENTY-FIFTH DEFENSE

78. Plaintiffs' claims are barred or should be reduced by comparative negligence.

### TWENTY-SIXTH DEFENSE

79. Plaintiffs' claims are barred because of prior knowledge of the government.

### TWENTY-SEVENTH DEFENSE

80. Plaintiffs' claims are barred by qualified privilege and or qualified immunity.

### TWENTY-EIGHTH DEFENSE

81. Plaintiffs' claims should be dismissed because this court lacks jurisdiction due to previous public disclosure of the allegations underlying the Complaint.

### TWENTY-NINTH DEFENSE

82. Plaintiffs' claims should be dismissed for failure to state and plead said claims with particularity.

### THIRTIETH DEFENSE

83. Plaintiffs' claims as to retaliation or termination in violation of public policy are barred because the policy sought to be vindicated already is embodied in a statute providing its own remedy for violation.

## THIRTY-FIRST DEFENSE

84. Plaintiffs' claims should be dismissed because Plaintiff Lockyer did not report a violation of law.

## THIRTY-SECOND DEFENSE

85. Plaintiffs' claims should be dismissed because Defendant honestly believed in the reasons for his actions.

## THIRTY-THIRD DEFENSE

86. Based on the allegations in the Complaint, Defendant cannot formulate all of his defenses at this time, but reserve the right to amend his answer to include additional affirmative defenses if and when discovery justifies same.

WHEREFORE, Defendant prays that: (1) All claims contained in Plaintiffs' Complaint against Defendant be dismissed with prejudice; (2) Defendant be awarded attorneys' fees and costs; and (3) Defendant have such other and further relief as this Court deems just and equitable.

DATED: Honolulu, Hawaii, July 6, 2006.

      /s/ Patrick H. Jones
BARRY W. MARR
PATRICK H. JONES
JAN M. BOIVIN

Attorneys for Defendant
WILLIAM A, EVSLIN, M.D. aka LEE A. EVSLIN, M.D.

79341.v1
0800.001

16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex ) <br> rel. JAMES LOCKYER, M.D., ) <br> STATE OF HAWAII, ex rel. JAMES ) <br> LOCKYER, M.D. and JAMES ) <br> LOCKYER, M.D., in his own behalf; ) <br> ) <br>           Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> HAWAI‘I PACIFIC HEALTH; ) <br> KAUAI MEDICAL CLINIC; ) <br> WILCOX MEMORIAL HOSPITAL; ) <br> WILCOX HEALTH SYSTEM; and ) <br> WILLIAM A. EVSLIN, M.D. aka ) <br> LEE A. EVSLIN, M.D.; ) <br> ) <br>           Defendants. ) <br> _____) | CIVIL NO. CV 04-00596 ACK LEK <br> (Federal and State – Qui Tam <br><br> CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

      I hereby certify that on the date noted below, a copy of the foregoing document was served electronically through CM/ECF, addressed as follows:

    JANICE P. KIM, ESQ.                        kimj054@hawaii.rr.com
    Kaimuki Business Plaza
    3615 Harding Avenue, Suite 206
    Honolulu, Hawaii  96816-3760

    RAFAEL G. del CASTILLO, ESQ.  rdelCastillo@physicianslawfirm.com
    ARLEEN D. JOUXSON, ESQ.
    Jouxson-Meyers & Del Castillo LLLC
    302 California Avenue, Suite 209
    Wahiawa, Hawaii  96786

79341.v1
0800.001

HARRY YEE, ESQ.                          harry.yee@usdoj.gov
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Boulevard, Suite 6100
Honolulu, Hawaii 96850

Attorneys for Plaintiffs

KENNETH S. ROBBINS, ESQ.   krobbins@robbinsandassociates.net
LEIGHTON M. HARA, ESQ.
WENDY M. YAMAMOTO, ESQ.
Robbins & Associates
Suite 2200, Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendants
Hawaii Pacific Health Group Plan for Employees of
  Hawaii Pacific Health, Kauai Medical Clinic,
  Wilcox Memorial Hospital, and Wilcox Health System

DATED: Honolulu, Hawaii, July 6, 2006.


            /s/ Patrick H. Jones
BARRY W. MARR
PATRICK H. JONES
JAN M. BOIVIN

Attorneys for Defendant
WILLIAM A, EVSLIN, M.D. aka LEE A.
EVSLIN, M.D.