IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES LOCKYER, ET AL., | ) | CV 04-00596 ACK-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII PACIFIC HEALTH GROUP | ) | |
| PLAN FOR EMPLOYEES OF HAWAII | ) | |
| PACIFIC HEALTH, ET AT., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DISCOVERY ORDER

This matter involves a discovery dispute over the production of documents, and came before the Court by way of letter briefs submitted pursuant to Local Rule ("LR") 37.1(c). On December 18, 2006, Plaintiff-Relator James Lockyer, M.D. ("Plaintiff Lockyer") and Defendants Hawai`i Pacific Health, Kaua`i Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System's (collectively "Defendants") submitted their respective letter briefs, and Plaintiff United States of America ("Plaintiff") submitted its letter brief on December 19, 2006.

The parties have certified that they have conferred in a good faith effort to resolve this dispute as required by LR 37.1(a) and (b). [Pl. Lockyer's 12/18/06 Letter at 1.]

After careful consideration of the supporting and opposing letter briefs, and pertinent case law, this Court hereby GRANTS Defendants' request for a protective order for the reasons

set forth below.

        Defendants state that they seek a protective order to encompass the documents that will be produced in response to Plaintiff and Plaintiff Lockyer's (collectively "Plaintiffs") discovery requests.  Defendants submit that a protective order is necessary because the documents which will be produced contain:

> information in which patients and their families may have a legitimate expectation of confidentiality, or which may be protected from disclosure, except as permitted by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the HIPAA Privacy Regulation (45 C.F.R. §§ 160 and 164), but from which the patient identifying information, as that term is defined by the aforementioned Regulations, can be deleted, redacted, or blocked by the producing Party so that the remaining information in the document cannot reasonably be used by a non-Party to identify any patient.

[Defs.' 12/18/06 Letter at 1-2.]  Plaintiff Lockyer, on the other hand, argues that: HIPAA does not apply; Defendants do not have standing to invoke the privilege provided by Haw. Rev. Stat. § 504; 45 C.F.R. § 164.502(j) affords Defendants immunity from liability for any disclosure by Plaintiff Lockyer; and society's interest in detecting and preventing fraud outweighs the patients' privacy interests.  Instead of granting a protective order, Plaintiff Lockyer submits that Defendants should be compelled to produce the documents.

        Plaintiff likewise contends that HIPAA does not apply in this instance.  It argues that it is not subject to HIPAA and

that any application of state privacy laws ignores the sovereign immunity of the federal government.

      The Court construes the discovery dispute as a request for a protective order pursuant to Fed. R. Civ. P. 26(c).  The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984).  Rule 26(c) states, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . .
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way[.]

Fed. R. Civ. P. 26(c), 26(c)(7).  Thus, the moving party bears the burden of demonstrating "good cause", that is, making a showing of specific prejudice or harm which will result if no protective order is granted.  See <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir.

2002). Courts have held that the showing of "good cause" under Rule 26 is a heavy burden. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test[.]'" Phillips, 307 F.3d at 1211 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)); see also San Jose Mercury News, Inc. v. United States District Court, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective order the party must make "a particularized showing of good cause with respect to any individual document" (citation omitted)). Once it makes a finding is made that particularized harm will result from disclosure of information to the public, the court must balance the public and private interests to decide whether a protective order is necessary. See Phillips, 307 F.3d at 1211. In balancing these interests, courts have looked to the following factors:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of

>       confidentiality is a public entity or
>       official; and
> 7)    whether the case involves issues important to
>       the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citation omitted); see also Phillips, 307 F.3d at 1211 (citing Glenmede, 56 F.3d at 483).

Trial courts have considered and granted protective orders regarding many different types of information:

> Although courts may be more likely to grant
> protective orders for the information listed in
> Rule 26(c)(7), courts have consistently granted
> protective orders that prevent disclosure of many
> types of information, such as letters protected
> under attorney-client privilege which revealed the
> weaknesses in a party's position and was
> inadvertently sent to the opposing side, see KL
> Group v. Case, Kay, and Lynch, 829 F.2d 909,
> 917-19 (9th Cir.1987); medical and psychiatric
> records confidential under state law, see Pearson
> v. Miller, 211 F.3d 57, 62-64 (3d Cir.2000); and
> federal grand jury secrecy provisions, see Krause
> v. Rhodes, 671 F.2d 212, 216 (6th Cir.1982).

Id. at 1212.

Here, Defendants have the burden of demonstrating good cause for the issuance of a protective order. The documents at issue contain information of an extremely personal nature such as names, home addresses, social security numbers, and medical information, presumably including medical histories, diagnoses, and conditions. The Court therefore finds that Defendants have demonstrated particularized harm that would result from disclosure to the public. Pursuant a protective order, the

documents containing the personal information can be revealed to the parties, attorneys, the Court and court personnel, court reporters at depositions, and witnesses, and only for the purposes of the instant litigation.  Plaintiffs will not be unduly hampered or prejudiced by the restrictions of such a protective order, and the privacy of the patients' personal information will be maintained.  Thus, in balancing the interests involved, the factors tip in favor of issuing the protective order.

> The Court has concluded that Defendants have shown good cause for a protective order.  The parties have differing opinions as to whether the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996), applies to the instant case.  This Court need not decide that issue and does not rely on HIPAA to craft a protective order.  However, if and to the extent that HIPAA applies and any party is concerned that the protective order will lead to a violation of HIPAA, the Court notes that HIPAA regulations permit "protected health information to be revealed in response to a discovery request, if the parties agree to a protective order and have presented it to the Court, or have asked the Court for a protective order."  United States ex rel. Camillo v. Ancilla Sys., Inc., 233 F.R.D. 520, 522 (S.D. Ill. 2005) (citing 45 C.F.R. § 164.512(e)(1)).

After careful consideration of the submissions and pertinent case law, and for the foregoing reasons, this Court GRANTS Defendants' request for protective order, and directs Defendants to prepare the order for this Court's execution and filing by January 2, 2007.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 20, 2006.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JAMES LOCKYER, ET AL. V. HAWAII PACIFIC HEALTH GROUP PLAN FOR EMPLOYEES OF HAWAII PACIFIC HEALTH, ET AT.; CIVIL NO. 04-00596 ACK-LEK; DISCOVERY ORDER**