STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

SHARON V. LOVEJOY 5083-0
STEPHANIE THOMPSON    8399-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone No. (808) 537-6100
Facsimile No. (808) 537-5434
slovejoy@starnlaw.com
sthompson@starnlaw.com

Attorneys for Defendant
LEE A. EVSLIN, M.D.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf;<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.;<br><br>Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam)<br><br>**DEFENDANT LEE A. EVSLIN, M.D.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF LOCKYER'S SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF** |

# DEFENDANT LEE A. EVSLIN, M.D.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF LOCKYER'S SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

Defendant, LEE A. EVSLIN, M.D. ("Dr. Evslin") moves this Honorable Court for summary judgment on Plaintiff James Lockyer's ("Dr. Lockyer"): (1) second claim for relief for wrongful termination and retaliation; (2) third claim for relief for whistleblower protection; and (3) fourth claim for relief for punitive damages.

In his Complaint filed October 1, 2004, Plaintiff alleges that Dr. Evslin and Defendants Kauai Medical Clinic ("KMC"), Wilcox Memorial Hospital ("Wilcox Hospital"), Wilcox Health System and Hawaii Pacific Health ("HPH") knowingly presented, caused to be presented, and conspired to present false claims related to the administration and billing of chemotherapy at KMC. Dr. Lockyer alleges claims for retaliation and wrongful discharge, and for whistleblower protection based on reductions in Dr. Lockyer's pay allegedly because of his investigation into the purported false claims. Finally, Dr. Lockyer attempts to assess a separate claim for punitive damages.

In reality, there were no false claims.[1] Further, despite efforts to color facts differently, reductions in Dr. Lockyer's compensation and reviews of his

---

[1] A separate motion for summary judgment on Plaintiffs' first claim for relief for violation of the federal and State false claims act, is being filed concurrently with this motion.

2

performance were not "retaliatory" in any way— his compensation was always at or <u>better</u> than as calculated under the salary formulae applicable to Dr. Lockyer under his employment contract and to all physicians at KMC.

This Court should grant Dr. Evslin's motion for summary judgment on Plaintiff's second, third and fourth claims for relief because:

1. Dr. Lockyer's investigatory actions regarding the accuracy of his compensation are not protected conduct afforded whistleblower protection under 31 U.S.C. § 3730(h), because these actions were not initiated or sustained for the purpose of exposing fraud against the government;

2. The statutes at issue in Dr. Lockyer's common law claim for wrongful termination/retaliation as alleged in his Complaint, ¶ 36, provide a sufficient remedy for violations of those statutes. As a result, the statutory remedy is exclusive, and the common law claim will not lie;

3. Plaintiff Lockyer cannot present sufficient evidence to meet his burden of proving his claims for wrongful termination and retaliation, or whistleblower protection:

    a. Dr. Evslin was not Plaintiff Lockyer's employer as required to prevail on these claims. Dr. Evslin did not employ Dr. Lockyer, and Dr. Evslin neither dominated nor controlled employment decisions at KMC. As a result, Dr. Evslin cannot be individually liable to Dr Lockyer on these claims;

    b. Defendants' actions during Dr. Lockyer's employment history were for legitimate, non-retaliatory reasons;

    c. There is no causal connection between the alleged protected activity (investigation into false and fraudulent claims to the government) and the alleged retaliatory actions (pursuit of Dr. Lockyer's termination, and reductions in his pay):

        i. The notice to Dr. Lockyer of reductions in his pay occurred ***before*** Dr. Lockyer requested an accounting to determine the accuracy of his pay, and ***before*** he discovered alleged false claims;

    ii. The 90-day notice of termination to Dr. Lockyer occurred *before* Dr. Lockyer requested an accounting to determine the accuracy of his pay, and *before* he discovered alleged false claims;

    iii. No evidence exists of any knowledge of or notice to Dr. Evslin or the other defendants of any alleged investigation by Dr. Lockyer into false or fraudulent claims to the government.

    iv. Reductions in Dr. Lockyer's pay, when taken, were in accordance with the contractual salary formulae applicable to all KMC physicians; and

4. Punitive damages may not be pleaded as a separate claim for relief. Further, without the wrongful termination and retaliation, and/or whistleblower claims, Plaintiff cannot recover punitive damages in this action.

No genuine issue of material fact exists relating to these claims, and as a result Dr. Evslin is entitled to summary judgment as a matter of law.

    This motion is brought pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure, the memorandum, the declarations and exhibits in support of this motion, the records and files herein, and any other oral and/or written arguments as may be offered at hearing.

    DATED:   Honolulu, Hawaii, December 22, 2006.

    /s/Stephanie E. W. Thompson
SHARON V. LOVEJOY
STEPHANIE THOMPSON
Attorneys for Defendant
LEE A. EVSLIN, M.D.

Civil No. CV04-00596 ACK LEK; <u>USA, ex rel. Lockyer, et al. v. Hawaii Pacific Health, et al.</u>; DEFENDANT LEE A. EVSLIN, M.D.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF LOCKYER'S SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF