STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

SHARON V. LOVEJOY          5083-0
STEPHANIE THOMPSON      8399-0
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone No. (808) 537-6100
Facsimile No. (808) 537-5434
slovejoy@starnlaw.com
sthompson@starnlaw.com


Attorneys for Defendant
LEE A. EVSLIN, M.D.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf; <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.; <br><br> Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam) <br><br> DEFT. EVSLIN'S CONCISE STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF LOCKYER'S SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF; DECLARATION OF STEPHANIE THOMPSON; DECLARATION OF LEE A. EVSLIN, M.D.; DECLARATION OF THOMAS B. WILLIAMSON; DECLARATION OF DEE KNUDSON; EXHS"1-50"; &"52-58"; CERTIFICATE OF SERVICE <br><br> **DATE:** _____ <br> **TIME:** _____ <br> **JUDGE: The Honorable Alan C. Kay** <br><br> TRIAL DATE: March 20, 2007 |

**LEE A. EVSLIN, M.D'S CONCISE STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF LOCKYER'S SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF**

Pursuant to Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendant LEE A. EVSLIN, M.D. aka Bill Evslin ("Dr. Evslin") submits this concise statement of material facts in support of his Motion for Summary Judgment on Plaintiff Lockyer's Second, Third and Fourth Claims for Relief.

//

//

//

//

//

//

//

//

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| Kauai Medical Clinic ("KMC") employed James Lockyer as an employee-physician from 12/1/99 until his resignation 6/30/04. | Exhs. 9, 8<br>Complaint, ¶ 20 |
| KMC, not Dr. Evslin, was Plaintiff Lockyer's employer. | Exhs. 9, 8<br>Complaint, ¶ 20<br>Evslin Decl, ¶ 4<br>Knudsen, ¶ 9 |
| Dr. Evslin served as KMC'S CEO from 1996 until 9/05, and as CEO of Wilcox Memorial Hospital 1/03 until 9/05. | Evslin Decl., ¶ 2<br>Knudsen Decl. ¶ 6 |
| Dr. Lockyer agreed to be paid $125,000 for his first year of work at KMC, and for his salary to thereafter be determined through the KMC salary formula as applicable from time to time. | Exhs. 7, 9;<br>Evslin Decl., ¶ 4<br>Knudson Decl., ¶ 8, 9, 15 |
| Dr. Lockyer's compensation under the KMC salary formula was to be based on a number of factors, including the physician's productivity as determined by receipts, costs, insurance reimbursements and collections, and could be adjusted periodically. | Exh. 9<br>Knudsen Decl., ¶ 11<br>Evslin, ¶ 8<br>Shimonishi Decl. |
| Each outpatient clinic based physician who worked at the clinic during Dr. Lockyer's period of employment was to be paid pursuant to the process set out in the salary formula set out in the employment agreement. | Evslin Decl., ¶ 9<br>Knudson Dec., ¶ 10 |
| Until December 2001, based on a periodic review of a physician's performance under the compensation formula by KMC's Salary and Finance Committee, a physician's annual compensation level could be reduced or increased. | Exhs. 1, 9;<br>Evslin Decl., ¶ 6, 7<br>Williamson Decl., ¶ 6<br>Knudson Decl., ¶¶11, 12 |
| Before December 2001, deviations from the formula were approved by a subcommittee of KMC's board, led by Dave Patton, CEO of Wilcox Health Systems. | Evslin Decl., ¶ 3. |
| Beginning in December 2001, the Medical Executive Staff Committee advised the KMC Board regarding physician compensation issues. The CEO was an *ex officio* non-voting member on the Board. | Exh. 2, ¶¶ 4.1, 7.1, 7.3<br>Evslin Decl, ¶ 3 |

| | |
|---|---|
| Beginning in spring 2002, a subcommittee of the Medical Executive Staff advised a representative of the KMC Board regarding physician salary. Deviations from the formula were granted or denied by Gail Lerch, as a representative of Hawaii Pacific Health's board —Dr. Evslin did not control the decisions regarding physician salaries. | Evslin Decl., ¶ 3, 11 Knudsen Decl., ¶¶ 17, 18 Williamson Decl., ¶ ¶ 20, 21 Shimonishi Decl.,¶ 6 Exh. 58 |
| Compensation under the KMC salary formula was based on a number of factors, including, but not limited to, the physician's productivity  as determined by the physician's last twelve months' of receipts, his/her costs, insurance reimbursements and collections. | Exhs. 8, 17, 38, 35 Shimonishi Decl. Evslin Decl., ¶ 8 |
| Dr. Lockyer first requested documents regarding his compensation (i.e. charge slips, and collections) at the end of May 2002 through his attorneys. | Exh. 25, 53 |
| KMC reminded Dr. Lockyer in January, February, and November 2001, and in May 2002, that his salary was to be calculated and paid pursuant to his Employment Agreement. | Exhs. 10, 12, 16, 24 |
| KMC reduced Dr. Lockyer's salary pursuant to the employment agreement in 6/01, and 1/02, before he ever requested compensation documents in 1/02. | Exhs. 15, 18, 25 |
| In February 2001, Dr. Evslin advocated on behalf of Dr. Lockyer and the Committees agreed in February 2001, to keep Lockyer's compensation at $125,000. | Exh. 13 Evslin Decl., ¶ 15 |
| Other physician's salaries were periodically reduced based on their performance under the compensation formula. | Exhs. 4, 5, 6 Shimonishi Decl. |
| In December 2001, the Committees again proposed to reduce Dr. Lockyer's salary to $98,000, based on his receipts, but Dr Evslin recommended to the Committees that Lockyer's salary be set at $115,000 instead since he had shown "improvement trends."  The Committees voted to set Lockyer's compensation at $115,000. | Exh. 18, 56 Evslin Decl., ¶ 19 |
| Reviews and reductions to Dr. Lockyer's salary were part of the regular reviews of physicians' salaries. He was always paid at or above the level of compensation he earned under the compensation formula. | Exhs. 3, 10, 11, 13, 14, 15, 16, 18, 19, 32, 34, 55; Evslin Decl.; Shimonishi Decl. Williamson Decl., ¶ 6 |

2

| | |
|---|---|
| In March 2002, the Committees voted to give, and did give, Dr. Lockyer ninety days notice of intent to terminate his employment due to underperformance and complaints. | Exh. 19, 20<br>Evslin Decl., ¶ 19, 20 |
| Lockyer appealed the 3/02 notice of intent to terminate. | Exh. 21<br>Evslin Decl., ¶ 22 |
| In response to Dr. Lockyer's appeal of the March 2002 notice of intent to terminate, the Committees issued a work improvement plan dated April 9, 2002. | Exhs. 22<br>Evslin Decl., ¶ 22 |
| Dr. Lockyer objected to the April 9, 2002 work improvement plan on April 20, 2002. | Exh. 23<br>Evslin Decl., ¶ 23 |
| On May 1, 2002, the Committees rescinded the April 9, 2002 notice of intent to terminate and issued a revised work plan to Dr. Lockyer. | Exh. 24<br>Evslin Decl., ¶ 24 |
| Dr. Lockyer requested compensation backup documents for the first time, by letter dated May 24, 2002—after his salary was reduced twice, and after the first notice of intent to terminate. | Exhs. 25, 53 |
| Dr. Lockyer generally had trouble with his practice during his time at KMC, including time mgt., scheduling, charting, and patient complaints. | Exhs. 57, 26, 27, 54, 40, 39, 41, 42, 43, 44, 45, 54 |
| Plaintiff Lockyer demanded arbitration of his compensation claims on July 8, 2002, and sought documents regarding the accuracy of his compensation. | Exhs. 28, 29, 46, 47, 48, 49 |
| In July 2002, the Executive Committee voted to place Lockyer on 90 days probation due to complaints by staff and patients regarding deficiencies in charting, patient care, and compliance with his work plan. | Exhs. 30, 31<br>Evslin Decl., ¶ 29 |
| The Committees decided in August 2002 to keep Dr. Lockyer's salary at $115,000, subject to resolving issues with Dr. Lockyer's schedule. | Exh. 32<br>Evslin Decl., ¶ 30 |
| KMC reduced Dr. Lockyer's compensation again in November 2002, based on the salary review under the compensation formula. | Exh. 33<br>Evslin Decl., ¶ 31 |
| KMC reduced Dr. Lockyer's compensation again in February 2003, based on the salary review under the compensation formula. | Exh. 34<br>Evslin Decl., ¶ 33 |
| In September 2003, KMC notified all clinic physicians, including Dr. Lockyer, of a change in the compensation formula, which included two 6-month phase-in periods in | Exh. 38<br>Evslin Decl., ¶ 35 |

3

| | |
|---|---|
| 2004, with full implementation on January 2005. | |
| Lockyer continued to receive patient complaints and failed to perform up to his salary under the compensation formula during 2003 and 2004. | Exh. 39, 40, 41 Williamson Decl. ¶ ¶ 18, 19, 22 |
| Effective May 1, 2004, KMC reassigned Dr. Lockyer's long-term care patients to other physicians due to Lockyer's refusal to comply with hospital regulations. | Exhs. 44, 45 |
| Dr. Lockyer resigned from KMC effective June 30, 2004. | Exh. 8 |
| Lockyer abandoned his arbitration claims in 1/2005. | Exh. 50 |
| Dr. Evslin and others did not know of any claim, or belief by Dr. Lockyer that any of the defendants may have submitted false claims to the government until first knowledge of this lawsuit in early 2006. | Evslin Decl., ¶ 40 Shimonishi Decl. Williamson Decl., ¶ 24 |
| Dr. Lockyer did not investigate actual or potential fraud against the government. | Exh. 53, at 46-47 |
| Dr. Lockyer asked for documents to confirm the accuracy of his compensation, not to investigate fraud against the government. | Exhs. 25, 46, 47, 48, 49; Qui Tam Disclosure; Compl, ¶¶ 21-25 |
| Dr. Lockyer asked for documents for the first time before he ever suspected alleged false claims. | Complaint, ¶¶ 21-22 Disclosure at 2, 4, 6 |

//
//
//
//
//

DATED:    Honolulu, Hawaii, December 22, 2006

 _/s/Stephanie E. W.Thompson
SHARON V. LOVEJOY
STEPHANIE THOMPSON
Attorney for Defendant
LEE A. EVSLIN, M.D.

60874                                          4