### MINUTES OF A SPECIAL MEETING OF THE EXECUTIVE COMMITTEE, SALARY & FINANCE ADVISORY COMMITTEE AND INTERNAL MEDICINE DEPARTMENT OF KAUAI MEDICAL CLINIC

**Place of Meeting:** Wilcox Memorial Hospital's Mauka Board Room
3420 Kuhio Highway, Lihue, Hawaii 96766

**Date and Time:** Tuesday, April 4, 2002 at 12:15 P.M.

**Those Present:** Dr. Pixler, Dr. Netzer, Dr. Jackson, Dr. Nickmeyer, Dr. Murray, Gail Lerch, Dr. Evslin, Dr. Ratliff, Dr. Thomas, Dr. Braun, Dr. McKnight, Dr. Sutherland

**Absent:** Dr. Pierce, Dr. McDonald, Dr. Zina, Dr. Rapaport, Dr. Bailey

This special meeting was held to hear the appeal of Dr. Lockyer (please see accompanying written notice to Dr. Lockyer). Essentially, Dr. Lockyer had been given notice of termination and informed of his right to appeal. Prior to the written notice, I had discussed with him at length the notice of termination and the ninety-day timeline. I explained to him that the contract allowed either party to terminate with ninety days notice without cause. I did review with him the issues which were concerning to the members of the committee. I also said that I thought that an appeal would probably be accepted well by his peers.

Dr. Lockyer made his appeal in this meeting; he essentially said that he knew that he had ways that he could improve his practice but that he disagreed concerning any allegations that he was slow to respond to pages. He did further describe how difficult it was being a single parent and that he had time obligations, which made it difficult for him to work in the practice as other physicians might be able to. After Dr. Lockyer's presentation, he was excused from the room.

The Department of Internal Medicine then discussed the issues involved and made a motion that his termination notice be rescinded but that a plan of action should be created to try to remedy any reasons for his problems in running his practice. Following this motion by the Department of Internal Medicine there was more discussion at the level of the Executive Committee and the final motion was that a letter be drafted which would rescind his termination but would outline a work plan which included ways to solve the problems which were presented. Included in that work plan, it was suggested by Gail Lerch that the employer provide counseling, under an employee counseling service that is available, to see if there was a way to help him with his child care issues. It was also stated that he should not take a full month of vacation as he had scheduled. This motion was passed and the meeting was adjourned.

A work plan was put together by Gail Lerch, V.P. of Human Resources for Hawaii Pacific Health and given to me for review and signature. This letter was finalized on April 9th and hand

Minutes of a Special Meeting
April 4, 2002
Page 2

delivered to Dr. Lockyer with a discussion of the points presented. At the time that the letter was delivered, I pointed out to him that there was parts of this letter that I actually felt could be successfully argued against and probably reversed if Dr. Lockyer so wished. An important one of those points was the issue concerning decreasing the vacation time he was planning to take in June. I felt that was an unnecessary condition and agreed to help try to overturn it if he so desired. He said that he needed some time to review this letter and asked me to wait until April 15th for notice of his response.

Our next Executive Meeting was scheduled for April 26, 2002 and by April 25th, I still had not received notice. I was unsuccessful in trying to speak to him in person so I delivered another letter through the chairperson of his department saying that he needed to respond to the work plan or his notice of termination would remain in effect. On the morning of April 26th, I did receive a letter from him (dated April 20, 2002), which clearly specified areas that he had disagreement with in the work plan. A review of the concerns raised by Dr. Lockyer was presented in the Executive Committee Meeting of April 26th by Dr. Pixler, the chairperson of the department of Internal Medicine. The decision at that time was that Dr. Evslin and Gail Lerch should respond to his concerns using corporate counsel, if necessary.

A new letter was drafted and then approved by Gail Lerch. This letter essentially agreed to the requests made by Dr. Lockyer. I hand delivered this letter on May 1, 2002. I explained that we had essentially accepted his requests including rescinding the termination of his employment. I told him at that time that I knew he was pressed for time but I, as always, would be willing to discuss any issues that still might be outstanding.

Respectfully submitted,

Lee A. Evslin, M.D.
CEO

H. Roger Netzer, M.D.
Co-Chairman, Salary & Finance
  Advisory Committee

Joseph C. Bailey, M.D.
Co-Chairman, Salary & Finance
  Advisory Committee