## Jouxson-Meyers
## & del Castillo
Attorneys at Law
a Limited Liability Law Company

Arleen Jouxson-Meyers, M.D., M.P.H.
Rafael G. del Castillo

Richard S. Miller
Professor of Law Emeritus
Of Counsel

August 27, 2003

Via facsimile: 536-6700 and U.S. mail

Patrick H. Jones
Marr Hipp Jones & Pepper
1001 Bishop Street, Suite 1550
Pauai Tower
Honolulu, HI 96813

Re:   Dr. Lockyer v. Kauai Medical Clinic

Dear Mr. Jones,

I apologize that Dr. Lockyer is not yet ready to comment on his findings from his review of the documents KMC has provided to date. Review and analysis of these documents has been a daunting task because they cover varying periods; some are charge-based reports and some receipt-based; and information on the numbers and identity of patients scheduled to see Dr. Lockyer and actually seen by him is largely deficient. His careful review of the information made available thus far has, however, raised some very serious concerns of which I shall defer discussion until Dr. Lockyer has completed his analysis.

As you know, the purpose of Dr. Lockyer's initial requests that KMC provide him sufficient information was to establish whether the pay cuts KMC was imposing upon him were consistent with Exhibit "A" of the "Employment Agreement" he entered into with KMC on February 24, 2000.

The data we have reviewed so far is:

A series of bar graphs provided by Dr. Evslin for the twelve month period ending April 30, 2002: Based on these bar graphs KMC contended that, on account of Dr. Lockyer's services to patients, it was generating annual charges of approximately $320,000, and was receiving approximately $200,000 in receipts. KMC has not been able to produce clinic day sheets and was only able to produce appointment schedules to cover a six-month period from January 1 – June 28, 2002.

302 California Ave.
Suite 209
Wahiawa, Hawai`i 96786
Phone: (808) 621-8806
Fax:    (808) 422-8772
Email Arleen: jouxson@prodigy.net
Email Rafael: Rafa@hawaii.rr.com

AUG 2 9 2003

Patrick Jones, esq.
Marr Hipp Jones & Pepper
August 27, 2003
Re: James Lockyer, M.D. v. Kauai Medical Clinic
Page 2

Dr. Lockyer has also carefully studied the following documents I have numbered as Report #1-8:

Report #1
This was the first 343-page report produced by KMC entitled, "Dr. Lockyer – Fee For Service Info" (12/01/99 to 4/30/02)

This report was not very helpful as it provided no patient names or insurance carriers.

Report #2
This was a Charge/Reimbursement Spreadsheet Report (12/01/99 – 4/30/02), Bates No: KMC 00001-00263.

This report provided patients' names and insurance carriers, but was a charge-based report, substantially deficient in the posting of reimbursements if they were received more than about eight weeks after the visit date.

Report #3
Report #3 is the appointment schedules from 01/02/02 to 06/28/02.

Report #4
This report comprised Charge/Reimbursement Screen Prints for the period: 1/1/02 to 06/28/02.

Report #5
This report was the HMO/Quest Charge Spreadsheet Report for the period: 12/01/99 to 04/30/02. When Dr. Lockyer sees a patient covered by Quest or a capitated HMO, the visit appears as a zero charge and sometimes a $7 copayment on Report #2, the actual charge appears on Report #5. This Report is bates numbered: KMC 02314 – 02375. Dr. Lockyer has been informed that he is given a credit of 58-61% of the actual charge amount for these patient visits, and 100% of the charge amount for charity cases.

Report #6
Report #6, bates numbered: KMC 02378 – 02727, is the amended Charge/Reimbursement Spreadsheet Report which has merged charge and reimbursement data for the period 12/01/99 – 03/28/03. This Report lacks any HMO/Quest charges or payments.

Report #7
This Report, bates numbered: KMC 02729 – 02784 is Dr. Lockyer's month-to-date, year-to-date salary calculation for period: December 31, 1999 to March 31, 2003.

Report #8
This Report, bates numbered: KMC 02785 – 02890 is Dr. Lockyer's financial report showing monthly charges and receipts; a patient analysis report; and a receipt analysis report for period December 1999 to April 7, 2003.

Jouxson-Meyers
& del Castillo

Patrick Jones, esq.
Marr Hipp Jones & Pepper
August 27, 2003
Re: James Lockyer, M.D. v. Kauai Medical Clinic
Page 3

We have found material discrepancies in both the charge and reimbursement totals of Dr. Evslin's Bar Graphs; and between Report #s 6, 7, and 8 for which no explanation is apparent from the reports themselves or from the information provided by Mr. Murayama or Mr. Shimonishi. Furthermore, Dr. Evslin and Dew Anne Langcoan have been making representations to KMC medical staff, including Dr. Lockyer that KMC is proposing a new salary formula which may impose a substantial further salary reduction upon Dr. Lockyer. Therefore, it is essential that Dr. Lockyer is able to establish that charges and payments on account of his services have been in fact accurately applied. We must therefore request that KMC provide Dr. Lockyer, without delay, follow-up reports which extend the reporting period to the present time, as follows:

Report #3:    from 6/28/02 to the present
Report #4:    from 6/28/02 to the present
Report #5:    from 4/30/02 to the present
Report #6:    from 03/28/03 to the present
Report #7:    from 03/31/03 to the present
Report #8:    from 04/07/03 to the present

Furthermore, pursuant to paragraph 4 of Dr. Lockyer's Employment Agreement with KMC, he would like to put KMC on notice that, as soon as the proposed change in his compensation formula is finally decided, to the extent that the new formula will result in reducing his compensation by more than 20%, he requests to exercise his right to appear before the Board to protest such change, and to meet with the Clinic Administration to discuss, in confidence, his actual or proposed compensation. Of course, Dr. Lockyer will require the extended reports requested above within sufficient time before these meetings to analyze their contents. Therefore, time is of the essence.

Please don't hesitate to call if you have questions.

Thank you.

Sincerely,

Arleen Jouxson-Meyers

Jouxson-Meyers
& del Castillo