IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D. AND JAMES LOCKYER, M.D., in his own behalf, | ) ) ) ) | CIVIL NO. CV 04-00596 ACK LEK (Federal and State - Qui Tam) |
| Plaintiffs, | ) ) | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) ) | |
| HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; AND WILLIAM A. EVSLIN, M.D. AKA LEE A. EVSLIN, M.D. | ) ) ) ) ) ) | |
| | ) | Trial Date:  March 20, 2007 |
| Defendants. | ) | Judge:       Honorable Alan C. Kay |
| _____ | ) | |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

Plaintiffs JAMES LOCKYER, M.D., and the United States of

America respectfully request that this Court enter an order amending the Amended

Rule 16 Scheduling Order in this case to provide additional necessary time for

Plaintiffs' experts to prepare their disclosures until no earlier than January 19,

2007.  Good cause exists for continuing the deadline for Plaintiffs to file their

expert disclosures.  It is impossible for Plaintiffs' experts to prepare their

disclosure reports by the present deadline of January 2, 2007, for the reasons set

forth herein.  Furthermore, Plaintiffs have met the requirements under Fed. R. Civ.

Pro. to prosecute their claims diligently.

FACTUAL BACKGROUND

Plaintiff Lockyer filed the Complaint with Disclosure Statement and Motion to File Under Seal in this matter on October 1, 2004, and duly served Plaintiff USA with the Complaint and Disclosure Statement on October 8, 2004 after the Motion to Seal was granted.  The USA filed its Notice of Election to Intervene January 27, 2006, together with an Order unsealing the Complaint, which the Court entered that same day.  The Rule 16 scheduling conference was set for March 13, 2006.

Defendants requested that Plaintiffs stipulate to a continuance of their deadline for answering the Complaint to provide time for the parties to explore the possibility of an early settlement, and Plaintiffs agreed.  Plaintiffs agreed to make an informal presentation of their case on January 17, 2006 at the U.S. Attorney's offices.  Defendants requested a postponement, and Plaintiffs agreed that the meeting should take place on February 23, at which time the parties met at the U.S. Attorney's offices.  Without getting into the particulars of the presentation, Plaintiffs advised that they were ready to proceed immediately with an investigation, including live interviews and data collection and analysis of various areas of concern.  Defendants requested that Plaintiffs postpone the investigation to afford them time to respond, and requested copies of certain documents referred to in the presentation.  The next day, Defendants' counsel, Kenneth S. Robbins, Esq.,

sent Plaintiffs counsel an e-mail confirming the list of documents.  Exhibit 1.  Mr.

Robbins further requested that Plaintiffs stipulate to a continuance of the Rule 16

Scheduling conference, and that the parties meet again 30 days after Plaintiffs

provided Defendants with copies of the requested documents.  Exhibit 1.  The

parties thereafter applied for a continuance of the Scheduling Conference, which

this Court set for May 15, 2006, by order on March 6, 2006.  Exhibit 2.

Plaintiffs promptly delivered copies of the requested documents to

Defendants' counsel, thereby meeting their Rule 26(a) initial disclosure

obligations.  On March 25, 2006, counsel for Plaintiff USA e-mailed all counsel

for Defendants inquiring into whether Defendants intended to follow through on

their promise to respond to Plaintiffs' allegations detailed in the February 23

meeting.  Exhibit 3.  Ultimately, Defendants advised that they wished to meet mid-

May to present a response.  In the meantime, Plaintiff Lockyer filed his scheduling

conference statement on May 4, 2006, and Plaintiff USA filed its scheduling

conference statement May 8, 2006.  Defendants did not file a statement.  The May

15 scheduling conference was thereafter continued until June 14, 2006 by order

dated May 9, 2006.  Exhibit 4.

The parties met at Defendants' request on May 16, 2006, to afford

Defendants an opportunity to respond to Plaintiff's case.  Again, without going

into the particulars, the meeting was unproductive.  Defendants advised that they

would require additional time to consider Plaintiffs' comments. Defendants

requested additional time in which to file their answers to the Complaint, and

thereafter on June 6, 2006, Mr. Robbins sent Plaintiff USA a letter confirming its

agreement to extend the deadline for Defendants' answers to the Complaint until

June 20, 2006. Exhibit 5. Defendants subsequently filed disclosure statements and

a scheduling conference statement on June 7, 2006. Mr. Robbins sent Plaintiffs a

letter detailing various proposals regarding discovery, by way of discussion, for the

discovery plan. A scheduling conference was thereafter held June 14, 2006. The

Court issued a minute order detailing the schedule on June 14, 2006, and

subsequently entered an Amended Scheduling Order attached hereto as Exhibit 6.

      Defendants subsequently filed their Answers to the Complaint on June

20, 2006. Plaintiffs proceeded to interview witnesses and analyze information and

records available to them from sources other than Defendants. Plaintiffs also

proceeded to survey sources for potential expert witnesses. Defendants did not

provide any Rule 26(a) initial disclosures.

      The HPH Defendants served their first discovery requests August 25,

2006, and Plaintiffs duly responded on October 6, 2006, pursuant to a brief

extension to which Defendants agreed. Defendants also requested copies of all

sealed documents and Plaintiffs thereafter stipulated to unseal the documents on

September 20, 2006, with the Order being subsequently entered by Judge Kay on

September 25, 2006.  Plaintiffs promptly provided Defendants with copies of the

previously sealed documents so that they would have time to review them prior to

deposing Dr. Lockyer.  Having satisfied their discovery needs, Defendants

undertook to depose Dr. Lockyer on October 12, 2006, and thereafter this Court

granted their request to subject Dr. Lockyer to an additional two hours of

examination (9 hours in all) in Lihue on November 28, 2006.

Dr. Lockyer's counsel conferred with Mr. Robbins on September 12,

2006, to review the scope of Plaintiffs' planned discovery requests, and Mr.

Robbins stated that Defendants would not be able to produce documents in 30

days.  The parties agreed to confer with counsel for the USA on September 15

regarding the existing deadlines.  The parties conferred and agreed to extend the

discovery cutoff to 30 days prior to trial, from January 19, 2007, to February 18,

2007.  The parties further agreed to ask the Court to issue an amended scheduling

order.  Plaintiffs subsequently served their first set of discovery requests on

September 20, 2006.

Pursuant to the parties' joint request, this Court held a status

conference on September 25, 2006, and entered an order amending the schedule to

extend the deadlines for filing of dispositive motions from October 18, 2006, until

December 18, 2006; for expert disclosures from September 18, 2006 until

November 30, 2006; and resetting the Settlement Conference from October 5,

2006, until January 9, 2007, at 2:00 p.m.  Exhibit 7.  The Court did not amend the discovery cutoff date.

Defendants responded to Plaintiffs' first set of discovery requests on October 23, 2006.  Defendants' response asserted numerous improper objections to the requests.  Mr. Robbins advised Plaintiffs' counsel that the documents were not ready because he was still reviewing them and he would need 2-3 weeks.  On November 13, 2006, Plaintiffs requested a status report on the production.  On November 16, 2006, Mr. Robbins sent a proposed Stipulated Protective Order Defendants had decided they would require <u>before</u> they would produce any documents responsive to Plaintiffs' September 20 requests.  Exhibit 8.  Exhibit 8 also states that Defendants were not ready to produce documents pertaining to Defendant Evslin (nearly two months after the requests were served).

Plaintiff USA objected to Defendants' proposed Stipulated Protective Order.  On November 21, 2006, Mr. Robbins requested Plaintiff USA's authority for the position that the DOJ is not subject to HIPAA.  Exhibit 9.  Plaintiff USA advised Defendants it was relying upon the HIPAA Regulations at 45 C.F.R. 164.512.

In the meantime, this Court held a discovery conference with the parties on November 27, 2006, the principal purpose of which was to determine whether Defendants would be permitted to continue examining Dr. Lockyer, and

for how long.   The parties advised this Court that it was impossible for Plaintiffs to submit their expert disclosures by November 30, 2006, because Defendants had not produced requested documents.  This Court amended the scheduling order to provide that Plaintiffs' expert disclosures would be due on January 2, 2007 and Defendants would have until February 5, 2007 to file their expert disclosures. Exhibit 10.  While by this time Plaintiffs had identified appropriate experts, it was impossible for them to proceed without the requested discovery.

   The parties subsequently engaged in discussions and correspondence pertaining to the Stipulated Protective Order, during which time Defendants improperly withheld all requested documents.  On December 7, 2007, Mr. Robbins mailed Plaintiffs a letter in which he stated "our research into specific sections of the HIPAA regulation appear unequivocally to support our position that both the Relator and the U.S.A. are required to sign an SPO such as the one we have proposed before a healthcare entity can be compelled to produce documents which may contain patients' Protected Health Information."  Exhibit 11 at 1.

   The parties subsequently applied to this Court for assistance in resolving the supposed controversy, with respect to which Plaintiffs request that the Court take note of the fact that they never disputed the propriety or necessity of redacting individually identifiable health information ("IIHI") from documents filed in this matter.  To the extent the Court was persuaded to believe otherwise

based upon Defendants' representations, Plaintiffs object.[1]

Plaintiffs believe, and thereupon advise this Court that Defendants are presently refusing to produce any documents until this Court has entered the protective order they are required to submit for the Court's review by January 2, 2007.

STANDARDS

Federal Rule of Civil Procedure 26(a)(2) requires Plaintiffs' experts to provide reports detailing a complete statement of all opinions to be expressed and the basis of the opinions, including copies of any exhibits relied upon:

(2) Disclosure of Expert Testimony.

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used

---

[1] No basis exists for a suggestion that the USA is unable to exercise appropriate control over its handling of IIHI. Neither is there any basis for suggesting that Dr. Lockyer, who has properly handled countless IIHI documents in his career would do otherwise in this matter. No protective order was necessary in this matter to compel Plaintiffs to behave responsibly with regards to IIHI.

as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FRCP 26(a)(2).

Pursuant to Federal Rule of Civil Procedure 16(b), this Court may modify the Amended Scheduling Order upon a showing of good cause and where Plaintiffs cannot meet the deadline for expert disclosures despite their diligent efforts. *See, i.e.*, *Thorn v Blue Cross & Blue Shield of Fla., Inc.*, 192 FRD 308, (MD Fla. 2000).

<u>DISCUSSION</u>

Plaintiffs cannot meet the January 2, 2007 deadline for filing their expert disclosures. Based upon the delay Defendants' present further refusals to comply with Plaintiffs' requests will entail, and the probability that Defendants improper objections will require Plaintiffs to seek an order compelling production, Plaintiffs propose that the Amended Scheduling Order be further amended to extend the deadline for the expert disclosures for Plaintiffs until February 5, 20007, and that the deadline for Defendants disclosures remain unchanged, or alternatively be amended to February 12, 2007.

It was and is improper for Defendants to hold the requested discovery ransom until Plaintiffs agreed to a stipulation they reasonably believed was not

required and would inject needless complexity into the process. The rules

governing discovery do not permit self-help, nor do they provide that Defendants

may ignore the deadlines if they desire a protective order. Once Plaintiffs

indicated their objections, Defendants should have moved for a protective order

without delay.

Plaintiffs have been diligent in prosecuting their claims, as required

by FRCP 16. Plaintiffs' cooperation with Defendants' requests is not chargeable

against their diligence in prosecuting this case. Diligence requires a good faith

balancing between prosecuting claims and Defendants' purported interests in

settling the case in order that resources not be unnecessarily consumed. The delays

in the setting of the initial Rule 16 scheduling conference were based upon

Defendants' requests, as was the delay in Defendants filing their Answers to the

Complaint, and the commencement of discovery. Likewise, Defendants secured

Plaintiffs' patience by representing that they were working diligently to gather and

review responsive documents, and Plaintiffs reasonably allowed them to delay

production during that brief period. Plaintiffs have also demonstrated the utmost

good faith by being entirely forthcoming with all documents requested promptly,

even to the point of unsealing the Disclosure Statement and related documents, to

enable Defendants to conduct their examination of Dr. Lockyer at the earliest

possible time. Plaintiffs have complied promptly and completely with this Court's

orders.

Plaintiffs have also been diligent in pursuing discovery necessary for their experts to provide their full opinions in compliance with Rule 26(a)(2). They have been pursuing an investigation, interviewing witnesses and analyzing available information since Defendants decided to answer the Complaint. Plaintiffs have identified and engaged their experts and have, for many weeks, been ready provide the experts with Defendants' production so that they can complete their work. Plaintiffs' objections to Defendants' attempt to ransom the requested discovery in exchange for a stipulated protective order were reasonable and proper. Defendants would be within their rights to insist that Plaintiffs' experts disclosures be complete, and thus it is essential that they have a reasonable time after they have received necessary documents and other discovery to formulate their opinions and properly and completely disclose them.

Furthermore, as disclosed by Defendants' recent Motion to Amend Amended Scheduling Order, the parties have conferred regarding extending the deadline for the expert disclosures, and Defendants have admitted the impossibility of Plaintiffs' compliance with the existing dates, and not objected to an amendment to extend the deadlines for the disclosures. Defendants previously agreed that the discovery cutoff date should be extended to 30 days prior to trial, or February 18, 2007. Accordingly, while the proposed schedule will place the parties on a tight

schedule in responding to the matters involving experts, Defendants have agreed that such a schedule is workable for them.

CONCLUSION

For all of the foregoing reasons, this Court should GRANT Plaintiffs' Motion to Amend Amended Scheduling Order to extend the deadlines for Plaintiffs' expert disclosures until February 5, 2007.

DATED:     Honolulu, Hawaii, December 27, 2006.

// Rafael del Castillo
JANICE P. KIM
ARLEEN D. JOUXSON
RAFAEL G. DEL CASTILLO

Attorneys for Plaintiff
JAMES LOCKYER, M.D.