IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D. AND JAMES LOCKYER, M.D., in his own behalf,<br>　　　　　Plaintiffs,<br>vs.<br><br>HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; AND WILLIAM A. EVSLIN, M.D. AKA LEE A. EVSLIN, M.D.<br>　　　　　Defendants. | ) CIVIL NO. CV 04-00596 ACK LEK<br>) (Federal and State - Qui Tam)<br>)<br>) DECLARATION OF RAFAEL DEL<br>) CASTILLO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Trial Date: March 20, 2007<br>) Judge: Honorable Alan C. Kay<br>) |

DECLARATION OF RAFAEL DEL CASTILLO

I, RAFAEL DEL CASTILLO, hereby declare:

　　　　1.　　I am an attorney licensed to practice law in the State of Hawai`i, and I am a member of the law firm of Jouxson-Meyers & del Castillo, AAL, LLLC.

　　　　2.　　I am one of the attorneys for Qui Tam Plaintiff James Lockyer, M.D.

　　　　3.　　Plaintiffs are unable meet the deadline for expert disclosures despite their diligent efforts to obtain discovery of documents and information in Defendants' possession which are required for the experts' respective opinions.

4.      Plaintiffs have diligently pursued discovery and agreed to cooperate with Defendants taking reasonable independent measures to protect any individually identifiable health information in any documents they produce.

5.      Defendants have rejected Plaintiffs' assurances and insisted that the Regulations implemented pursuant to the Health Insurance Portability and Accountability Act of 1996 require Plaintiffs to execute a stipulated protective order before Defendants may be required to produce any documents Plaintiffs' discovery requests seek.

6.      Plaintiffs' sought this Court's assistance to resolve the dispute because they reasonably deemed Defendants' proposed stipulated protective order to be overbroad and Defendants' refusal to produce documents to implicate significant policy issues.

7.      Attached hereto as Exhibit 1 is a true and correct copy of an e-mail from Kenneth S. Robbins, Esq. to Harry Yee, Esq. and Janice Kim, Esq., dated February 24, 2006.

8.      Attached hereto as Exhibit 2 is a true and correct copy of this Court's Electronic Order dated March 6, 2006.

9.      Attached hereto as Exhibit 3 is a true and correct copy of an e-mail from Harry Yee, Esq. to Kenneth S. Robbins, Esq., Edwin Rauzi, Esq., Barry Marr, Esq., and Patrick Jones, Esq.

10.    Attached hereto as Exhibit 4 is a true and correct copy of this Court's Electronic Order dated May 9, 2006.

11.    Attached hereto as Exhibit 5 is a true and correct copy of a letter from Kenneth S. Robbins, Esq. to Harry Yee, Esq. dated June 6, 2006.

12.    Attached hereto as Exhibit 6 is a true and correct copy of this Court's Amended Scheduling Order dated June 16, 2006.

13.    Attached hereto as Exhibit 7 is a true and correct copy of this Court's Electronic Order dated September 25, 2006.

14.    Attached hereto as Exhibit 8 is a true and correct copy of an e-mail from Ken Robbins [Kenneth S. Robbins, Esq.] to Plaintiffs' counsel dated November 16, 2006.

15.    Attached hereto as Exhibit 9 is a true and correct copy of two e-mails from Ken Robbins [Kenneth S. Robbins, Esq.] to Harry Yee [Esq.], dated November 21, 2006 and November 22, 2006, respectively.

16.    Attached hereto as Exhibit 10 is a true and correct copy of this Court's Electronic Order dated November 28, 2006.

17.    Attached hereto as Exhibit 11 is a true and correct copy of a

letter from Kenneth S. Robbins, Esq. to Harry Yee, Esq., and Janice P. Kim, Esq., dated December 7, 2006.

I, RAFAEL DEL CASTILLO, do declare under penalty of law that the forgoing is true and correct.

DATED:  Honolulu, Hawai`i, December 27, 2006


// Rafael del Castillo
RAFAEL DEL CASTILLO