KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
CLARISSA Y. MALINAO

Rose M.P. Carter, Paralegal
Sandra H. Hishinuma, Legal Assistant

## ROBBINS & ASSOCIATES
ATTORNEYS AT LAW, A LAW CORPORATION
SUITE 2200, DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813

TELEPHONE: (808) 524-2355
FACSIMILE: (808) 526-0290
defend@robbinsandassociates.net
FED. I.D. NO. 99-0175383

December 7, 2006

Janice P. Kim, Esq.
Kaimuki Business Plaza
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816-3760

Harry Yee, Esq.
United States Attorney
District of Hawaii
300 Ala Moana Boulevard
Room 6-100
Honolulu, Hawaii 96850

Re: U.S.A., ex rel. Lockyer v. Hawaii Pacific Health, et al;
    Civil No. CV04-00596 ACK LEK
    <u>Stipulated Protective Order</u>

Dear Janice and Harry:

    In the interest of moving this case and discovery along, I write now to remind you that for the last three weeks we have had two CDs with documents ready to produce; we await only your signing, and the filing of the Stipulated Protective Order ("SPO") we sent to you for your approval on November 16, 2006.

    Harry, you have indicated that you do not believe the U.S.A. is required to sign an SPO such as the one we drafted; Rafael has also said that the Relator should not be required to sign such a document either. We disagree, and our research into specific sections of the HIPAA regulation appear unequivocally to support our position that both the Relator and the U.S.A. are required to sign an SPO such as the one we have proposed before a healthcare entity can be compelled to produce documents which may contain patients' Protected Health Information.

    Janice, in your November 22, 2006 letter brief to Judge Kobayashi, you wrote that "45 CFR 164 gives law

**EXHIBIT 11**

Janice P. Kim, Esq.
Harry Yee, Esq.
December 7, 2006
Page 2

enforcement the right to access confidential health information."  This citation to the HIPAA regulations chapter generally does not give us sufficient information to evaluate the U.S.A.'s or the Relator's claims that no SPO with HIPAA provisions is required.  Please provide us with a specific citation in 45 C.F.R. Ch. 164, or the relevant case law, which you assert supports your position that neither the U.S.A. nor the Relator are required to sign an SPO in a civil action such as this one.

      I look forward to being able to provide you with the documents we have already prepared for production, but until there is an enforceable SPO in place, or until we are provided with convincing evidence that HIPAA and the patients' constitutional privacy rights do not require one, we are unable to make these documents available to you.

                              Very truly yours,

                              Kenneth S. Robbins

KSR\06-0548

cc: Arleen D. Jouxson-Meyers, Esq.
    Rafael G. del Castillo, Esq.
    Sharon Lovejoy, Esq.

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
CLARISSA Y. MALINAO

Rose M.P. Carter, Paralegal
Sandra H. Hishinuma, Legal Assistant

**ROBBINS & ASSOCIATES**
ATTORNEYS AT LAW, A LAW CORPORATION
SUITE 2200, DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813

TELEPHONE: (808) 524-2355
FACSIMILE: (808) 526-0290
defend@robbinsandassociates.net
FED. I.D. NO. 99-0175383

December 7, 2006

Janice P. Kim, Esq.
Kaimuki Business Plaza
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816-3760

Harry Yee, Esq.
United States Attorney
District of Hawaii
300 Ala Moana Boulevard
Room 6-100
Honolulu, Hawaii 96850

Re:  U.S.A., ex rel. Lockyer v. Hawaii Pacific Health, et al;
     Civil No. CV04-00596 ACK LEK
     Stipulated Protective Order

Dear Janice and Harry:

In the interest of moving this case and discovery along, I write now to remind you that for the last three weeks we have had two CDs with documents ready to produce; we await only your signing, and the filing of the Stipulated Protective Order ("SPO") we sent to you for your approval on November 16, 2006.

Harry, you have indicated that you do not believe the U.S.A. is required to sign an SPO such as the one we drafted; Rafael has also said that the Relator should not be required to sign such a document either. We disagree, and our research into specific sections of the HIPAA regulation appear unequivocally to support our position that both the Relator and the U.S.A. are required to sign an SPO such as the one we have proposed before a healthcare entity can be compelled to produce documents which may contain patients' Protected Health Information.

Janice, in your November 22, 2006 letter brief to Judge Kobayashi, you wrote that "45 CFR 164 gives law

Janice P. Kim, Esq.
Harry Yee, Esq.
December 7, 2006
Page 2


enforcement the right to access confidential health information." This citation to the HIPAA regulations chapter generally does not give us sufficient information to evaluate the U.S.A.'s or the Relator's claims that no SPO with HIPAA provisions is required. Please provide us with a specific citation in 45 C.F.R. Ch. 164, or the relevant case law, which you assert supports your position that neither the U.S.A. nor the Relator are required to sign an SPO in a civil action such as this one.

     I look forward to being able to provide you with the documents we have already prepared for production, but until there is an enforceable SPO in place, or until we are provided with convincing evidence that HIPAA and the patients' constitutional privacy rights do not require one, we are unable to make these documents available to you.

                                  Very truly yours,

                                  Kenneth S. Robbins

KSR\06-0548

cc:  Arleen D. Jouxson-Meyers, Esq.
    ✓Rafael G. del Castillo, Esq.
    Sharon Lovejoy, Esq.