memo in support of amnd mn file undr seal.doc

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf,<br><br>        Plaintiffs,<br><br>        v.<br><br>HAWAI`I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.,<br><br>        Defendants. | CIVIL NO. CV04-00596 ACK LEK<br>(Federal and State - Qui Tam)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

On December 22, 2006, Defendants Hawai`i Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System (the "HPH Defendants") sought to file Exhibits "1" – "21" of Defendants Hawai`i Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital and Wilcox Health System's Motion for Summary Judgment under seal. After consideration of this

Court's December 27, 2006 Order Regarding Ex Parte Motion to Seal Documents, HPH Defendants hereby withdraw their earlier request to have all exhibits filed under seal, and instead herewith request only that Exhibits "11" through "20," inclusive, be accepted under seal. Exhibits "1" –"10", and "21" to HPH Defendants' Motion for Summary Judgment have been electronically filed contemporaneously herewith, attached to a Supplemental Memorandum in Support of HPH Defendants' Motion for Summary Judgment, filed December 22, 2006.

II.     ARGUMENT

As a preliminary matter, HPH Defendants point out that all of Exhibits "1" through "21" have already been given to Plaintiff-Relator Lockyer, and the United States. (See Acknowledgement of receipt of Exhibits, signed by Harry Yee, Esq. and Rafael G. del Castillo, Esq, attached hereto as Exhibits "A" and "B," respectively).

This Amended Motion is brought because much of the information in Exhibits "11" through "20" contains patients' sensitive and confidential personal health information, and/or confidential personnel-file information. Pursuant to Magistrate Judge Leslie E. Kobayashi's December 20, 2006 Discovery Order (attached hereto as Exhibit "C"), the parties' oral agreement that such documents and information shall remain confidential (which oral agreement is in the process of being reduced to a written Protective Order pursuant to Exhibit "C"), and the

parties' oral agreement that such information be provided to the Court, HPH earlier provided Exhibits "1" – "21" attached to HPH Defendants <u>Ex Parte</u> Motion to File Exhibits "1" – "21" to HPH Defendants' Motion for Summary Judgment Under Seal, filed December 22, 2006. Of these twenty-one Exhibits, HPH Defendants now respectfully request that only Exhibits "11" – "20" be filed under seal as Exhibits to HPH Defendants' Motion for Summary Judgment, filed December 22, 2006.

    A.    <u>The "Compelling Reason" Standard</u>

It has been stated by the Ninth Circuit Court of Appeals that there is a strong presumption against filing judicial records attached to dispositive motions under seal, and that a "compelling reason" must be given for filing such documents under seal. (<u>See</u> <u>generally</u>, <u>Kamakana v. City & Cnty of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006). In <u>Kamakana</u>, the Court pointed out that

> the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.

<u>Kamakana</u>, 447 F.3d at 1179 (internal quotations omitted). However, the Court went on to state that "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and [to] justify sealing court records exist when such court files might have become a vehicle for improper purposes". <u>Id.</u> Additionally,

as has been pointed out elsewhere, "[i]n resolving claims of access to trial evidence, the strong common law presumption of access must be balanced against the factors militating against access. <u>Littlejohn v. Bic Corp.</u>, 851 F.2d 673, 678 (3rd Cir. 1988)(internal citation omitted). It is precisely the possibility of the improper use or disclosure of the confidential information contained in Exhibits "11" through 20" which militate against permitting public access to these documents, and in favor of filing said documents under seal.

    B.    <u>Confidential Personnel and Employment Documents</u>

Exhibit "11" contains highly personal and intimate confidential employment information regarding which Plaintiff-Relator Lockyer has a compelling interest in maintaining confidentiality. Should Dr. Lockyer choose to waive his interest in the confidentiality of this personnel-record document, HPH Defendants will not object. However, the confidential nature of this document is one which HPH Defendants are not in a position to waive on Dr. Lockyer's behalf. Accordingly, HPH Defendants respectfully submit that there is a compelling reason for filing Exhibit "4" under seal.

    C.    <u>Confidential Patient Health Information</u>

Exhibits "12" through "19" contain select documents from the medical records of several patients, each of which have previously been filed under seal as exhibits to the Deposition of Plaintiff-Relator, Dr. Lockyer. Rather than attempt to

redact these documents, removing all patient identifying information, and likely leaving a largely incomprehensible document, HPH Defendants request that these exhibits be sealed to ensure that the patients' private health information remain confidential to the fullest extent possible, while still allowing for a robust examination of HPH Defendants' Motion for Summary Judgment.  Exhibit "20" contains a listing of multiple patient names, which, in the context of this action necessarily reveals by implication confidential health information of those individuals.  Rather than redact these names, thus rendering the declaration at Exhibit "20" all but useless, HPH Defendants request that this exhibit be sealed, so that the confidential patient-identifying information contained therein may remain confidential, while a the same time, the representations therein may be used to their full effect by the parties, in arguing the underlying dispositive Motion.

With regard to the "compelling reason" for maintaining the confidentially of  patients' medical records, it has been pointed out in other Federal Circuits that "[o]ne can think of few subject areas more personal and more likely to implicate privacy interests than that of one's health".  <u>Norman-Bloodsaw v. Lawrence Berkeley Laboratory</u>, 135 F.3d 1260, 1269 (9th Cir. 1998) (<u>See</u> <u>also</u> <u>e.g.</u>, <u>Doe v. City of New York</u>, 15 F.3d 264, 267 (2d Cir. 1994) ("Extension of the right to confidentiality to personal medical information recognizes there are few matters that are quite so personal as the status of one's health")).

5

Additionally, both the Federal and Hawai`i Constitutions support HPH Defendants' assertion that the confidentiality of patients' personal health information is a sufficiently "compelling reason" for filing such documents under seal. The Federal Constitution's protection of the privacy interest in avoiding disclosure of personal matters has been held in other contexts to likewise encompass the protection of medical information and its confidentiality. (See, e.g., Doe v. Attorney General of the United States, 941 F.2d 780, 795 (9th Cir. 1991) (citing United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980)); and Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996)).

Finally, the Hawai`i Constitution provides for a greater privacy interest in personal health information than even the Federal Constitution. Article I, section 6 of the Hawai`i Constitution protects the confidentiality of health information produced in discovery. Article I, section 6 provides, in relevant part, that "[t]he right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest." This provision of our State's Constitution has been understood by Hawaii's Supreme Court to relate to "privacy in the informational and personal autonomy sense." (State of Hawai`i Organization of Police Officers v. Society of Professional Journalists-Univ. of Hawai`i Chapter, 83 Hawai`i 378, 397 (1996)(internal citation omitted). The SHOPO Court went on to state that "the privacy right protected by the 'informational privacy' prong of

article I, section 6 is the right to keep confidential information which is highly personal and intimate. Id. (internal quotation and citation omitted). In turn, "highly personal and intimate" information in the article I, section 6 context, has been defined in Hawai`i as including "medical, financial, educational, or employment records." Painting Industry of Hawaii Market Recovery Fund v. Alm, 69 Haw. 449, 454 (1987); State v. Mallan, 86 Hawai`i 440, 443 n. 4 (1998). Accordingly, HPH Defendants respectfully submit that the Constitution of the State of Hawai`i, along with the Federal Constitution both point to a sufficiently compelling privacy interest in patient medical records to permit the filing of such documents under seal in the present context.

III.   CONCLUSION

For the foregoing reasons, Petitioner requests that Exhibits "11" through "20" to HPH Defendants' Motion for Summary Judgment, filed December 22, 2006 be sealed to ensure the maintenance of the privacy and confidentiality of said documents.

DATED: Honolulu, Hawaii, December 29, 2006.

/s/ Kenneth S. Robbins
KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH, KAUAI
MEDICAL CLINIC, WILCOX
MEMORIAL HOSPITAL AND WILCOX
HEALTH SYSTEM

Civil No. CV04-00596 ACK LEK; USA, ex rel. Lockyer, et al. v. Hawaii Pacific Health, et al.; MEMORANDUM IN SUPPORT OF MOTION

8