protective order.doc

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

| | |
|---|---|
| KENNETH S. ROBBINS | 1000-0 |
| JOHN-ANDERSON L. MEYER | 8541-0 |

2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai`i  96813
Telephone:  (808) 524-2355
Facsimile:  (808) 526-0290
Email:  defend@robbinsandassociates.net

DAVIS WRIGHT TREMAINE LLP          CIVIL NO. CV04-00596 ACK LEK

EDWIN D. RAUZI          4292-0
1501 4th Avenue, Suite 2600
Seattle, Washington  98101
Telephone:  (206) 622-3150
Facsimile:  (206) 628-7699
Email:  edrauzi@dwt.com

PATTON BOGGS LLP

HARRY R. SILVER
2550 M Street NW
Washington, D.C.  20037
Telephone:  (202) 457-6453
Facsimile:  (202) 457-6315
Email:  hsilver@pattonboggs.com

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAUAI MEDICAL CLINIC, WILCOX MEMORIAL
HOSPITAL and WILCOX HEALTH SYSTEM

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAI`I, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf,<br><br>         Plaintiffs,<br><br>    v.<br><br>HAWAI`I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.,<br><br>         Defendants.<br>_____ | CIVIL NO. CV04-00596 ACK LEK<br>(Federal and State - Qui Tam)<br><br>PROTECTIVE ORDER<br><br><br><br><br><br>TRIAL:  3/20/07<br>JUDGE:  Alan C. Kay |

PROTECTIVE ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     The confidentiality provisions herein shall <u>not</u> apply to:

a.     Judicial and administrative personnel such as court clerks, court stenographers, etc., who may come in contact with the documents or information contained on or in the documents during the course of their employment;

  b. Court reporters who are present at the taking of discovery depositions. However, all said court reporters are hereby forbidden from providing copies of such transcripts to anyone other than counsel for the Parties hereto; and

  c. Judges, arbitrators, mediators and discovery masters presiding over matters in Civil No. CV04-00596 ACK LEK, in the United States District Court, District of Hawai`i.

  2. All documents produced pursuant to this Protective Order shall be coded with a Bates number and a legend indicating that such documents are designated "Confidential Pursuant to Protective Order," which will not obscure the body of the document.

  3. With respect to the documents produced by Defendants pursuant to this Protective Order, except as otherwise provided herein, only the Plaintiffs, their attorneys and support staff directly involved in this litigation, and any experts or consultants retained by them for purposes of this litigation, shall be permitted to view the documents. With respect to any documents Plaintiffs produce pursuant to this Protective Order, only the Defendants, including their employees, former employees, attorneys and support staff directly involved in this litigation, and any experts or consultants retained by them for purposes of this litigation, shall be

permitted to view the documents. All such persons shall not disclose the documents or the information subject to this Protective Order to any third party unless specifically provided herein.

   4. All information in whatever form discovered from examination of said documents subject to this Protective Order shall be used only in connection with this action, <u>U.S., ex rel., Lockyer vs. Hawai`i Pacific Health; Kauai Medical Clinic; Wilcox Memorial Hospital; Wilcox Health System; and William A. Evslin, M.D. aka Lee A. Evslin, M.D.</u>, Civil No. CV04-00596 ACK LEK, and shall not be used or disseminated in connection with any other lawsuit or for any other purpose whatsoever, unless specifically provided herein.

   5. Wherever disclosure of Confidential Information is to be made to anyone who is not counsel-of-record in the litigation, a current employee of a Party, or an agent of counsel of record in the litigation, the person must have previously signed a copy of the Statement attached hereto as Exhibit "A." Each such Statement shall be considered the attorney work-product of the counsel who maintains such Statement. Signed Statement(s) shall be filed with the Court under seal and shall not be subject to disclosure, except upon order of the Court for good cause shown.

6. The production of documents pursuant to this Protective Order shall not constitute a waiver of the rights of the Parties or their affiliates, including but not limited to, the named Defendants and their insurers (if any), to claim in this lawsuit or hereafter that said documents or other items included therein are privileged and are otherwise nondiscoverable and inadmissible as evidence in the trial of this matter. By producing said documents, the producing Party and its/their affiliates have not waived the aforementioned privileges and/or objections, and shall not be hereafter estopped to reassert them. Contemporaneous with producing documents and information pursuant to any request, producing Parties shall provide a complete, unabridged privilege log that describes the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself allegedly privileged or protected, will enable other parties to assess the applicability of the privilege or protection pertaining to any redacted information or any withheld documents, materials, or information that the Party(ies) otherwise contend are subject to this Protective Order.

7. Confidential Information in Depositions. Within 30 calendar days after receiving a deposition transcript, Parties and deponents may in good faith designate portions (including exhibits) as Confidential.

Confidential Information within deposition transcripts may be designated by marking such pages with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and separately bound. Until expiration of the 30-day period, the entire deposition will be treated as confidential by all Parties and by the deponent. If no Party or deponent timely designates Confidential Information in a deposition, then no part of the transcript and none of the exhibits will be treated as confidential. If a timely designation is made, the confidential portions and exhibits, as well as any translations thereof, shall be treated as Confidential Information, and filed with the Court (if at all) under seal. Deponents shall not retain or copy portions of the transcript of their depositions that have been designated as confidential unless such Confidential Information was provided by them or the entities they represent.

    8. Use of Confidential Information at Trial. Subject to the Federal Rules of Evidence and such other limitation as the Court may impose, Confidential Information protected under this Order may be offered in evidence or shown to the jury at trial.

    9. Return of Protected Materials. Upon final disposition of this action, including the conclusion of the last available appeal, or upon earlier termination of a receiving party's participation in this action, the

terms of this Protective Order shall remain in full force and effect, and Confidential Information produced or provided to a receiving party (other than material protected by the work product doctrine or attorney-client privilege), including all copies, shall be returned to the producing party immediately after said final disposition or termination.  Material retained by a receiving party that is protected by the work product doctrine or attorney-client privilege, but containing or referring to Confidential Information of a producing party, shall be redacted to eliminate said Confidential Information to the extent that Confidential Information cannot be detached from said protected material for return to the producing party.  Notwithstanding the foregoing, the receiving party's counsel may retain one copy of all materials and information produced or provided, including deposition transcripts for a time period not to exceed six (6) months after the final disposition of this action.  During the six (6) month period, the terms of this Protective Order shall remain in full force and effect and the presiding judge shall retain jurisdiction to enforce this Order.  In the event it becomes necessary for the receiving party's counsel to disclose the protected information, counsel shall first be required to notify the producing party(ies) of the necessity, including all particulars, within sufficient time for the producing party(ies) to apply to

a court of competent jurisdiction for an appropriate protective order and for that court to rule thereupon.

        10.    Disclosure Required by Law.  If a court or other governmental, regulatory, or administrative agency or unit demands the disclosure of Confidential Information from a receiving party, by subpoena, order, or other writing, said party shall immediately notify the party who designated the information or material as Confidential Information of the demand, and provide a copy of the same to said party in sufficient time to permit the party the opportunity to determine whether to seek protection from the subpoena before the receiving party is required to respond to the subpoena.

        11.    No Prejudice.  This Order shall not diminish any existing obligation or right with respect to Confidential Information.  Nothing in this Order shall be deemed to restrict in any manner any party with respect to the party's own documents.  Nothing in this Order shall be deemed to limit any party from objecting to the propriety of any other party's designation of particular information or materials as Confidential Information.  This Protective Order is without prejudice to the rights of any party to apply to this Court for relief from any of its provisions or for modification of any

portion of this Order, or to seek or agree to different or additional protection for any particular Confidential Information.

12. **Subsequently Named Parties.** Any person or entity who becomes a party to this litigation after the date hereof shall be bound by the terms of this Protective Order upon the filing and service upon each party to this Action of an executed copy of an Agreement to Join Protective Order in the form attached hereto as Exhibit "B." Upon so doing, any such person or entity shall fully bear the burdens and enjoy the benefits of this Protective Order.

13. Notwithstanding anything to the contrary contained herein, the Parties and their attorneys may use the subject documents and the information contained therein in the prosecution of this litigation consistent with the confidentiality provisions contained herein; and further, may disclose information contained in the documents produced pursuant to this Protective Order to government authorities in the reasonable belief that such information constitutes evidence of, or related to evidence of, criminal or fraudulent activity, or as necessary to avoid prosecution in connection with health care fraud, including but not limited to, prosecution for conspiracy to conceal such information from the authorities. Further, the Parties and their attorneys may otherwise disclose information contained in the documents

produced pursuant to this Protective Order after obtaining a court order to do so, providing that the Party who/which does not prevail in a motion to obtain a court order for a Party to disclose information pursuant to this paragraph shall pay the prevailing Party's(ies') attorneys' fees and costs incurred in connection with that motion.

        14.    The Parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Protective Order.  If the information is disclosed to any person other than those authorized herein and other than in the manner authorized herein, counsel shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Party whose information was disclosed.  Furthermore, the disclosing Party and counsel must make every effort to prevent further disclosure by the Party or by the person(s) and/or entity(ies) to whom such information was disclosed.  The foregoing responsibilities are not exhaustive and are without prejudice to any other rights of the respective Parties.

        15.    The United States District Court, District of Hawai`i shall retain jurisdiction to enforce this Order.  Any Party seeking to enforce any of the provisions of this Order or claiming a breach hereof may move for a contempt order or other appropriate sanctions provided in Rule 37(b),

Federal Rules of Civil Procedure, after a hearing on the matter. The Court may award attorneys' fees and costs to the prevailing Party on the motion pursuant to Rule 37(a)(4), FRCP.

16. This Order and the provisions contained herein are without prejudice to reconsideration by the Court as to the nature of the documents produced.

17. This Order and the provisions contained herein shall apply to documents produced in response to all future discovery requests, if any, unless otherwise agreed by the Parties.

18. This Protective Order shall survive termination of this action.

DATED: Honolulu, Hawai`i, January 8, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Civil No. CV04-00596 ACK LEK; USA, ex rel. Lockyer, et al. v. Hawai`i Pacific Health, et al.; PROTECTIVE ORDER

EXHIBIT "A"
STATEMENT

I have read and understand the Protective Order entered by the Court in this case on _____ to which this Statement is attached, and execute this Statement pursuant thereto. I will use any "Confidential Information" solely for the purpose of assisting counsel to prepare for trial or otherwise to prepare for the prosecution or defense of the above-captioned matter. Except for the foregoing purposes, I will not disclose to any person or entity any information or material I obtain as a result of the disclosure to me of the aforesaid "Confidential Information," except as may be required by law. I understand that any unauthorized disclosures of any "Confidential Information" may be deemed contempt of court. I hereby consent to the personal jurisdiction over me by the United States District Court, District of Hawai`i for the purposes of enforcing this Protective Order.

DATED: _____    _____
                        NAME

                        _____
                        ADDRESS

                        _____
                        EMPLOYER

EXHIBIT "B"

AGREEMENT TO JOIN PROTECTIVE ORDER AS A PARTY

The undersigned acknowledges and agrees that (1) I am an attorney-of-record for a party to this action, the name of which party is given below; (2) the party I

represent in this action is not a party to the Protective Order in this action, as entered in the United States District Court, District of Hawai`i; (3) I have read and understand the Protective Order entered by the Court in this case on _____; (4) I am authorized to bind and hereby do agree to bind the party named below to each and every term of the Protective Order on the same terms as each other party to the Protective Order from and as of the date of entry of the Protective Order.

_____       _____
Date                               Signature

Name: _____

Firm: _____

Party: _____