IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER; STATE OF HAWAII, ex rel. JAMES LOCKYER; and JAMES LOCKYER, in his own behalf,<br><br>        Plaintiffs,<br><br>   v.<br><br>HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D., aka LEE A. EVSLIN, M.D.,<br><br>        Defendants. | Civ. No. 04-00596 ACK-LEK |

**ORDER REGARDING AMENDED EX PARTE MOTION TO SEAL DOCUMENTS**

On December 29, 2006, Defendants Hawaii Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System filed an Amended Ex Parte Motion to File Exhibits "11" - "20" of their Motion for Summary Judgment Under Seal ("Amended Motion to Seal"). The Amended Motion to Seal seeks to seal Exhibits "11" through "20" based on compelling reasons. On January 5, 2007, Plaintiff James Lockyer filed a Reply to Defendants' Amended Motion to Seal seeking to seal Exhibit "11" ("Reply").

1

The applicable standards governing motions to seal are set forth by the Ninth Circuit Court of Appeals in <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) ("documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy"; a "good cause" showing is not sufficient); <u>see</u> <u>also</u> <u>Foltz v. State Farm Mutual Automobile Insurance Co.</u>, 331 F.3d 1122, 1136 (9th Cir. 2003) (finding no compelling reason to seal when third-party medical and personnel information could be easily redacted).

In her declaration, Plaintiff's counsel states that Exhibit "11" contains confidential personnel and financial information regarding Plaintiff James Lockyer. The sensitive personnel information appears limited to statements of Lockyer's estimated salary in dollars. Following <u>Foltz</u>, 331 F.3d at 1137, the Court finds that Plaintiff has failed to articulate a compelling reason why the document in Exhibit "11" should be sealed entirely when it can be redacted to protect Plaintiff's privacy interests while leaving other meaningful information. The public's interest in access to the non-sensitive information in the document outweighs the Plaintiff's interest in sealing the entire document, especially where Plaintiff's privacy interests can be adequately protected by redacting the salary figures. Accordingly, the Amended Motion to Seal Exhibit "11" in its

entirety is denied, and the parties are ordered to redact salary dollar amounts from the document.

Exhibits "12" - "19" consist of patient medical records that reveal confidential and private health information relating to details of treatment, diagnoses, prescriptions, and other sensitive information and cannot easily be redacted without rendering the documents meaningless.  Exhibit "20" contains a list of patient names that reveals, by implication, confidential health information such as diagnosis and treatment and cannot easily be redacted.  The public's interest in access is outweighed by the privacy interests of these third party patients who did not, by their own actions, put their health information at issue in this case.  The Court finds that these patients' privacy interests in avoiding disclosure of their confidential health information provide a compelling reason to seal Exhibits "12" - "20".  Accordingly, the Amended Motion to Seal is granted for Exhibits "12" - "20".

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 10, 2007.



_____
Alan C. Kay
Sr. United States District Judge