memo in supp Mn Dismiss 5th and 6th of 1st Amd Complt.doc

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf, <br><br> Plaintiffs, <br><br> v. <br><br> HAWAI`I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D., <br><br> Defendants. | CIVIL NO. CV04-00596 ACK KSC <br> (Federal and State - Qui Tam) <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs filed a First Amended Complaint adding the Fifth and Sixth

Claims for Relief, both of which assert claims under the Federal False Claims Act,

31 U.S.C. § 3729, et seq.  For reasons that follow, the Fifth and Sixth Claims for

Relief of the First Amended Complaint should be dismissed because the Claims for

Relief fail to plead fraud with particularity as required by Rule 9(b) of the Federal

Rules of Civil Procedure.

## **INTRODUCTION**

*Qui tam* Relator James Lockyer first filed his Complaint under seal on October 1, 2004, alleging that (1) the defendants had engaged in violations of the Federal False Claims Act, 31 U.S.C. § 3729 et seq., and Hawaii Revised Statutes Chapter 661, and (2) that Defendants had engaged in wrongful termination and retaliation against him.  Relator Lockyer also filed *in camera* a Written Disclosure Statement to the United States Attorney, pursuant to 31 § 3730(b)(2), providing all the material evidence that allegedly supported the *qui tam* action.  Subsequently, but prior to the completion of its investigation, the United States chose to intervene in this action.  Counsel for the HPH Defendants received a copy of the Complaint on January 30, 2006.

One year later, on February 2, 2007, Plaintiffs filed a First Amended Complaint adding the Fifth and Sixth Claims for Relief, both of which allege violations of the Federal False Claims Act, 31 U.S.C. § 3729 et seq. with virtually no factual elaboration.  As explained more fully below, the Fifth and Sixth Claims for Relief fail to satisfy the heightened pleading requirements for fraud under Rule 9(b).

**ARGUMENT**

The False Claims Act imposes liability on any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government … a false or fraudulent claims for payment or approval;
(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid….

31 U.S.C. § 3729(a)(1), (a)(2), (a)(3).

The False Claims Act is an anti-fraud statute. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). As a result, complaints brought under the False Claims Act must satisfy the heightened pleading requirement of Rule 9(b). *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001); *Bly-Magee*, 236 F.3d at 1018. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Thus, "where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, --- F.3d ---, 2007 WL 438795, at *7 (9th Cir. Feb. 12, 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Indeed,

"the allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee*, 236 F.3d at 1018 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672(9th Cir. 1993)). "[M]ere conclusory allegations of fraud are insufficient." *Bly-Magee*, 236 F.3d at 1019 (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)); *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). When a claim within a complaint is grounded in fraud and its allegations fail to satisfy Rule 9(b), a court may dismiss the claim. *Vess*, 317 F.3d at 1107.[1]

When the standards of Rule 9(b) are applied to the Fifth and Sixth Claims for Relief of the First Amended Complaint, the claims are woefully deficient. The First Amended Complaint merely added the counts without any additional factual allegations supporting the claims. The Fifth Claim for Relief states as follows:

> During the period from approximately 2000-2004, Defendants HPH and KMG [sic] submitted false billings and/or statements for office visits for multiple patients, which duplicated previously identified false billings by physicians for medical services rendered by nurses. These false billings and/or false statements were in violation of 31 U.S.C. § 3729, the False Claims Act.

---

[1] "A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess*, 317 F.3d at 1107.

Similarly as vague, the Sixth Claim for Relief states as follows:

During the period from approximately 2000-2004, Defendants HPH and KMG [sic] submitted false statements and/or billings for office visits for multiple patients with physicians for medical services rendered by nurses. These false billings and/or false statements were in violation of 31 U.S.C. 3729, the False Claims Act.

Nothing in either the Fifth or Sixth Claim for Relief provides the specific information required under Rule 9(b) – the who, what, when, where, how – necessary for the HPH Defendants to defend themselves against the charges therein.  The Fifth and Sixth Claims for Relief fail to identify the particular physicians or nurses involved into the purported fraudulent billings and/or statements.  Nor do the Fifth and Sixth Claims for Relief identify the particular patients or office visits that are the subject of the purported fraudulent billings and/or statements.  Moreover, neither the Fifth or Sixth Claims for Relief describe the specific content of any alleged fraudulent representations or even identify a single false claim submitted to the government.

"Evidence of an actual false claim is 'the *sine qua non* of a False Claims Act violation." *United States ex rel. Aflatooni  v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (quoting *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002)); *see also United States ex rel. Crews v. NCS Healthcare of Illinois, Inc.*, 460 F.3d 853, 856 (7th Cir. 2006).  An action under the False Claims Act "requires a real false claim, either in

the form of the false claim itself or evidence sufficient to identify such a claim." *Id.* at 1003. Additionally, "generalized, speculative suppositions [which] fail to detail any particular false claim or even to provide sufficiently detailed circumstantial evidence of such a claim" will not suffice to support an action under the False Claim Act. *Id.* at 1002. Nowhere in the Amended Complaint do the Plaintiffs provide a false claim itself or even allegations sufficient for the HPH Defendants to identify a false claim that is purportedly the subject of the Fifth and Sixth Claims for Relief.

In sum, the First Amended Complaint fails to identify the who, what, when, where and how of the alleged fraud averred in the Fifth and Sixth Claims for Relief. The First Amended Complaint fails to identify actual false claims or even allegations sufficient to identify a purported false claim such that the HPH Defendants could properly defend themselves against these new counts. Instead, Plaintiffs improperly assert minimal, conclusory and generalized allegations. For these reasons, the Fifth and Sixth Claims for Relief fail to comply with Rule 9(b)'s heightened pleading requirements and must be dismissed.

## CONCLUSION

For the foregoing reasons, the HPH Defendants respectfully request that this Court grant their motion to dismiss the Fifth and Sixth Claims for Relief of the First Amended Complaint.

DATED: Honolulu, Hawaii, February 20, 2007


/s/ Kenneth S. Robbins
KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER

Attorneys for Defendants
HAWAIʻI PACIFIC HEALTH, KAUAI
MEDICAL CLINIC, WILCOX
MEMORIAL HOSPITAL AND
WILCOX HEALTH SYSTEM


Civil No. 04-00596 ACK LEK; USA ex rel. Lockyer v. Hawaiʻi Pacific Health, et al.; DEFENDANTS HAWAIʻI PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM'S MOTION TO DISMISS FIFTH AND SIXTH CLAIMS OF FIRST AMENDED COMPLAINT, FILED FEBRUARY 2, 2007