Answer 1st Amd Complt.doc

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

KENNETH S. ROBBINS            1000-0
JOHN-ANDERSON L. MEYER        8541-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-2355
Facsimile:  (808) 526-0290
Email:  defend@robbinsandassociates.net

DAVIS WRIGHT TREMAINE LLP          CIVIL NO. CV04-00596 ACK KSC

EDWIN D. RAUZI            4292-0
1501 4th Avenue, Suite 2600
Seattle, Washington  98101
Telephone:  (206) 622-3150
Facsimile:  (206) 628-7699
Email:  edrauzi@dwt.com

PATTON BOGGS LLP

HARRY R. SILVER
2550 M Street NW
Washington, D.C.  20037
Telephone:  (202) 457-6453
Facsimile:  (202) 457-6315
Email:  hsilver@pattonboggs.com

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAUAI MEDICAL CLINIC, WILCOX MEMORIAL
HOSPITAL and WILCOX HEALTH SYSTEM

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf,<br><br>          Plaintiffs,<br><br>          v.<br><br>HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.,<br><br>          Defendants.<br>_____ | CIVIL NO. 04-00596 ACK LEK (Federal and Sate - Qui Tam)<br><br>DEFENDANTS HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM'S ANSWER TO FIRST AMENDED COMPLAINT (EXCEPT AS TO THE FIFTH AND SIXTH CLAIMS), FILED FEBRUARY 2, 2007; CERTIFICATE OF SERVICE |

DEFENDANTS HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM'S ANSWER TO FIRST AMENDED COMPLAINT (EXCEPT AS TO THE FIFTH AND SIXTH CLAIMS), FILED FEBRUARY 2, 2007

COME NOW Defendants HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM ("HPH Defendants"), by and through their attorneys, Robbins & Associates, and for answer to Plaintiffs' First Amended Complaint (except as to the fifth and sixth claims), filed with this Court on February 2, 2007, state as follows:

2

<u>FIRST DEFENSE</u>

1.     Plaintiffs' First Amended Complaint does not state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

2.     In answer to Paragraph 1 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

3.     In answer to Paragraph 2 of the First Amended Complaint, HPH Defendants admit only that Defendant Hawai`i Pacific Health ("HPH") is a not-for-profit corporation doing business in Hawai`i, which is also its principal place of business. In December, 2001, HPH Defendants was formed with the merger of Wilcox Health, Kapi`olani Health and Straub Clinic and Hospital.

4.     In answer to Paragraphs 3 and 4 of the First Amended Complaint, HPH Defendants admit the allegations contained therein.

5.     In answer to Paragraph 5 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

Jurisdiction and Venue

HPH Defendants deny that jurisdiction resides in this Court, but state that 28 U.S.C. §§ 1331 and 1337 speak for themselves.

6.     In answer to Paragraph 6 of the First Amended Complaint, HPH Defendants  deny the allegations contained therein.

7.     In answer to Paragraph 7 of the First Amended Complaint, HPH Defendants deny that venue, subject matter jurisdiction and/or personal jurisdiction reside in this Court for any Federal and/or State claims alleged in the First Amended Complaint, but state that 31 U.S.C. §§ 3729-33, and H.R.S. §§ 301-21.5, 634-35, and 603-36 speak for themselves.

COUNT I
(Violations of Federal and State False Claims Acts,
inter alia, 31 U.S.C § 3729, et seq and H.R.S. § 661-21)

8.     In answer to Paragraph 8 of the First Amended Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 7 as though here at length repeated, and same are adopted by reference.

9.     In answer to Paragraph 9 of the First Amended Complaint, HPH Defendants deny all allegations contained therein, except insofar as 31 U.S.C. § 3729, et seq. and H.R.S. § 661-21 speak for themselves.

10.     In answer to Paragraph 10 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein as

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729(a)(1), (2), and (3), and H.R.S. §§ 661-21(a)(1), (2), and (3) speak for themselves.

11.     In answer to Paragraph 11 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein as Defendants are without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729, et seq. speak for themselves.

12.     In answer to Paragraph 12 of the First Amended Complaint, HPH Defendants admit only that 31 U.S.C. §§ 3729(a)(1) and H.R.S. §§ 661-21(a)(1) prohibit submission of false or fraudulent claims for payment or approval by Medicare, Medicaid, Tri-CARE, or other State and Federal programs.  HPH Defendants deny the remaining allegations contained therein as they apply to HPH Defendants.

13.     In answer to Paragraph 13 of the First Amended Complaint, HPH Defendants admit only that 31 U.S.C. §§ 3729(a)(2) and H.R.S. §§ 661-21(a)(2) prohibit making or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by Medicare, Medicaid, Tri-CARE, or other State and Federal programs.  HPH Defendants deny the remaining allegations contained therein as they apply to HPH Defendants.

14.    In answer to Paragraph 14 of the First Amended Complaint, HPH Defendants admit only that 31 U.S.C. §§ 3729(a)(3) and H.R.S. §§ 661-21(a)(3) prohibit conspiring to defraud Medicare, Medicaid, Tri-CARE, or other State and Federal programs by causing a false or fraudulent claim to be allowed or paid. HPH Defendants deny the remaining allegations contained therein as they apply to HPH Defendants.

15.    In answer to Paragraph 15 of the First Amended Complaint, HPH Defendants admit only those allegations therein as they pertain to HPH, KMC, WMH, and WHS.

16.    In answer to Paragraph 16 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

17.    In answer to Paragraph 17 of the First Amended Complaint, HPH Defendants admit that they participate in Medicare/Medicaid programs in connection with which they submit bills and receive payments.

18.    In answer to Paragraph 18 of the First Amended Complaint, HPH Defendants admit only that KMC, WMH and WHS are wholly-owned subsidiaries of HPH and deny the remaining allegations therein.

19.     In answer to Paragraph 19 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as to HPH, KMC, WMH, and WHS.

Fraudulent Medical Record Keeping

20.     In answer to Paragraph 20 of the First Amended Complaint, HPH Defendants admit only that Dr. Lockyer was employed by KMC in its internal medicine department.

21.     In answer to Paragraph 21 of the First Amended Complaint, HPH Defendants admit only that documents were produced to Dr. Lockyer in arbitration. HPH Defendants are without knowledge as to the motivation of Plaintiff Lockyer and deny all other allegations contained therein.

22.     In answer to Paragraph 22 of the First Amended Complaint, HPH Defendants neither admit nor deny what Dr. Lockyer "discovered," as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof. HPH Defendants deny all remaining allegations therein as they relate to HPH, KMC, WMH, and WHS.

Billing for Services not Provided

23.     In answer to Paragraph 23 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

24.    In answer to Paragraph 24 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

25.    In answer to Paragraph 25 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

26.    In answer to Paragraph 26 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

27.    In answer to Paragraph 27 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

28.    In answer to Paragraph 28 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

29.     In answer to Paragraph 29 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

30.     In answer to Paragraph 30 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

31.     In answer to Paragraph 31 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

32.     In answer to Paragraph 32 of the First Amended Complaint, HPH Defendants deny all allegations therein as they relate to HPH, KMC, WMH, and WHS.

33.     In answer to Paragraph 33 of the First Amended Complaint, HPH Defendants deny all allegations therein as they relate to HPH, KMC, WMH, and WHS.

34.     In answer to Paragraph 34 of the First Amended Complaint,

HPH Defendants deny all allegations therein as they relate to HPH, KMC, WMH,

and WHS.

COUNT II
(Wrongful Termination and Retaliation)

35.     In answer to Paragraph 35 of the First Amended Complaint,

HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through

34 as though here at length repeated, and same are adopted by reference.

36.     In answer to Paragraph 36 of the First Amended Complaint,

HPH Defendants admit only that H.R.S. Chapter 661, H.R.S. §§ 28-91 and 346-14,

and Title 17, chapter 1704 and Title 11, chapter 94 of the Hawai`i Administrative

Rules speak for themselves.

37.     In answer to Paragraph 37 of the First Amended Complaint,

HPH Defendants admit only that Dr. Lockyer requested an audit of KMC's

finances.  HPH Defendants neither admit nor deny the allegations concerning what

Dr. Lockyer was "aware" of or "suspected," as HPH Defendants are without

knowledge or information sufficient to form a belief as to the truth thereof.  HPH

Defendants deny the remaining allegations contained therein.

38.     In answer to Paragraph 38 of the First Amended Complaint,

HPH Defendants neither admit nor deny the allegations contained therein, as HPH

10

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

39.     In answer to Paragraph 39 of the First Amended Complaint, HPH Defendants admit the allegations contained therein.

40.     In answer to Paragraph 40 of the First Amended Complaint, HPH Defendants admit only that documents were produced to Dr. Lockyer in arbitration.  HPH Defendants deny all remaining allegations contained therein.

41.     In answer to Paragraph 41 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

42.     In answer to Paragraph 42 of the First Amended Complaint, HPH Defendants neither admit nor deny the allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

43.     In answer to Paragraph 43 of the First Amended Complaint, HPH Defendants admit only that Dr. Lockyer resigned from KMC.  HPH Defendants neither admit nor deny the remaining allegations contained therein, as HPH Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

44.     In answer to Paragraph 44 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

45.     In answer to Paragraph 45 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

46.     In answer to Paragraph 46 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

47.     In answer to Paragraph 47 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

48.     In answer to Paragraph 48 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

COUNT III
(Whistleblower Protection:
31 U.S.C. § 3730(h) and H.R.S. § 378-61)

49.     In answer to Paragraph 49 of the First Amended Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 48 as though here at length repeated, and same are adopted by reference.

50.     In answer to Paragraph 50 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.  HPH Defendants submit that 31 U.S.C. § 3730(h) and H.R.S. § 378-61 speak for themselves.

COUNT IV<br>(Punitive Damages)

51.     In answer to Paragraph 51 of the First Amended Complaint, HPH Defendants hereby repeat and reallege their answers to Paragraphs 1 through 50[1] as though here at length repeated, and same are adopted by reference.

52.     In answer to Paragraph 52 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

53.     In answer to Paragraph 53 of the First Amended Complaint, HPH Defendants deny all allegations contained therein as they relate to HPH, KMC, WMH, and WHS.

COUNT V<br>(Violations of Federal False Claims Act, inter alia, 31 U.S.C. § 3729)

54.     In response to Paragraph 54 of the First Amended Complaint, HPH Defendants have filed, contemporaneously with this Answer, a Motion to Dismiss the Fifth and Sixth Claims of the First Amended Complaint.

---

[1]  Note that the complaint lists Nos. 1 through 51.

<u>COUNT VI</u>
<u>(Violations of Federal False Claims Act, 31 U.S.C. § 3729, et seq.)</u>

55.    In response to Paragraph 55 of the First Amended Complaint, HPH Defendants have filed, contemporaneously with this Answer, a Motion to Dismiss the Fifth and Sixth Claims of the First Amended Complaint.

<u>ALL COUNTS</u>

56.    HPH Defendants defer to Dr. Evslin to respond to all allegations in Plaintiffs' First Amended Complaint which pertain to Dr. Evslin.

57.    Any allegations against HPH Defendants contained in Plaintiffs' First Amended Complaint not specifically addressed in this Answer are hereby denied.

<u>THIRD DEFENSE</u>

58.    The Court lacks subject matter jurisdiction over the First Amended Complaint.

<u>FOURTH DEFENSE</u>

59.    Plaintiffs' claims are barred for failure to exhaust administrative remedies.

<u>FIFTH DEFENSE</u>

60.    Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

14

## SIXTH DEFENSE

61.     Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

## SEVENTH DEFENSE

62.     The First Amended Complaint is barred by the Statute of Frauds.

## EIGHTH DEFENSE

63.     The First Amended Complaint is barred by lack of privity.

## NINTH DEFENSE

64.     The First Amended Complaint is barred by lack of standing.

## TENTH DEFENSE

65.     The First Amended Complaint is barred by equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## ELEVENTH DEFENSE

66.     The rights and remedies of Plaintiff are restricted by agreement.

## TWELFTH DEFENSE

67.     Some or all of Plaintiffs' claims are barred by accord and satisfaction.

## THIRTEENTH DEFENSE

68.     The First Amended Complaint is barred by absence of any irreparable harm to Plaintiffs.

## FOURTEENTH DEFENSE

69.     Some or all of Plaintiffs' claims are barred because HPH Defendants acted in good faith.

## FIFTEENTH DEFENSE

70.     Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

## SIXTEENTH DEFENSE

71.     Some or all of Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

## SEVENTEENTH DEFENSE

72.     Some or all of Plaintiffs' claims are barred as any and all of HPH Defendants' actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute bona fide business practices, and were carried out in furtherance of HPH Defendants' legitimate business interests.

## EIGHTEENTH DEFENSE

73.     The First Amended Complaint is barred as the injuries alleged by Plaintiffs were caused in whole or in part by the conduct of third parties for whom HPH Defendants were not responsible; through forces in the marketplace over which HPH Defendants have no control; or through acts or omissions on the part of Plaintiffs.

16

## NINETEENTH DEFENSE

74.     The First Amended Complaint is barred as Plaintiffs suffered

no harm to their reputations, their business, or otherwise, as a result of any conduct

set forth in the First Amended Complaint.

## TWENTIETH DEFENSE

75.     Plaintiffs are barred from maintaining this action against HPH

Defendants by reason of Plaintiffs' own negligence or other wrongful conduct

which was the legal cause of the damages alleged by this First Amended

Complaint.

## TWENTY-FIRST DEFENSE

76.     The First Amended Complaint is barred by voluntary

assumption of a known risk.

## TWENTY-SECOND DEFENSE

77.     Plaintiffs' First Amended Complaint should be dismissed for

lack of personal jurisdiction.

## TWENTY-THIRD DEFENSE

78.     The liability, if any, for the damages alleged in the First

Amended Complaint rests with parties other than the HPH Defendants.

## TWENTY-FOURTH DEFENSE

79.     Plaintiffs are not entitled to recover the punitive damages

demanded in their First Amended Complaint as an award of punitive damages

would violate HPH Defendants' rights under the Constitution of the United States of America and under the Constitution of the State of Hawai`i, including HPH Defendants' right to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Hawaii; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of the State of Hawaii; and (3) substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I of the Constitution of the State of Hawaii.

TWENTY-FIFTH DEFENSE

80.     Plaintiffs' claims are barred or should be reduced by comparative negligence.

TWENTY-SIXTH DEFENSE

81.     Plaintiffs' claims are barred because of prior knowledge of the government.

TWENTY-SEVENTH DEFENSE

82.     Plaintiffs' claims are bared by qualified privilege and or qualified immunity.

## TWENTY-EIGHTH DEFENSE

83.     Plaintiffs' claims should be dismissed because this court lacks jurisdiction due to previous public disclosure of the allegations underlying the First Amended Complaint.

## TWENTY-NINTH DEFENSE

84.     Plaintiffs' claims should be dismissed for failure to state and plead said claims with particularity.

## THIRTIETH DEFENSE

85.     Based on the allegations in the First Amended Complaint, Defendants Hawai`i Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System cannot formulate all of their defenses at this time, but reserve the right to amend their answer to include additional affirmative defenses if and when discovery justifies same.

WHEREFORE, Defendants Hawai`i Pacific Health, Kauai  Medical Clinic, Wilcox Memorial Hospital, and Wilcox Health System pray that:

A.     All claims contained in Plaintiffs' First Amended Complaint against HPH Defendants be dismissed with prejudice;

B.     They be awarded attorneys' fees and costs;

C.     They have such other and further relief as this Court deems just and equitable.

DATED:  Honolulu, Hawaii, February 20, 2007.




/s/ Kenneth S. Robbins
KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER

Attorneys for Defendants
HAWAI'I PACIFIC HEALTH, KAUAI
MEDICAL CLINIC, WILCOX
MEMORIAL HOSPITAL AND WILCOX
HEALTH SYSTEM


Civil No. 04-00596 ACK LEK; USA ex rel. Lockyer v. Hawai'i Pacific Health, et al.; DEFENDANTS HAWAI'I PACIFIC HEALTH, KAUAI MEDICAL CLINIC, WILCOX MEMORIAL HOSPITAL AND WILCOX HEALTH SYSTEM'S ANSWER TO FIRST AMENDED COMPLAINT (EXCEPT AS TO THE FIFTH AND SIXTH CLAIMS), FILED FEBRUARY 2, 2007