STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

SHARON V. LOVEJOY             5083-0
STEPHANIE E.W. THOMPSON       8399-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone No. (808) 537-6100
Facsimile No. (808) 537-5434
slovejoy@starnlaw.com
sthompson@starnlaw.com

Attorneys for Defendant
LEE A. EVSLIN, M.D.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf;<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.;<br><br>Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam)<br><br>DEFENDANT LEE A. EVSLIN M.D.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, FILED FEBRUARY 2, 2007; CERTIFIACTE OF SERVICE<br><br>TRIAL DATE: SEPT. 18, 2007<br>JUDGE ALAN C. KAY |

DEFENDANT LEE A. EVSLIN M.D.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT, FILED FEBRUARY 2, 2007

Defendant LEE A. EVSLIN, M.D.[1] (referred to herein as "Defendant") hereby answers the First Amended Complaint filed by Plaintiffs JAMES LOCKYER, M.D., UNITED STATES OF AMERICA, ex. rel. JAMES LOCKYER, M.D., and STATE OF HAWAII, ex. rel. JAMES LOCKYER, M.D. (collectively, the "Plaintiffs") on February 2, 2007 ("Amended Complaint") as follows:

FIRST DEFENSE

1. In answer to paragraph 1 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

2. In answer to paragraph 2 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

3. In answer to paragraph 3 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

---

[1] Defendant Evslin is incorrectly identified as William A. Evslin, M.D. in the Amended Complaint.

4. In answer to paragraph 4 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

5. In answer to paragraph 5 of the Amended Complaint, Defendant admits that he is a resident of the State of Hawai`i and is licensed to practice as a physician in the State of Hawai`i.

## JURISDICTION AND VENUE

Defendant states that 28 U.S.C. §§ 1331 and 1337 speak for themselves. Defendant denies that jurisdiction resides in this Court.

6. Defendant denies the allegations in paragraph 6 of the Amended Complaint.

7. In answer to paragraph 7 of the Amended Complaint, Defendant states that 31 U.S.C. §§ 3729-33, and H.R.S. §§ 601-21.5, 634-35, and 603-36 speak for themselves. Defendant denies that venue, subject matter jurisdiction and/or personal jurisdiction reside in this Court for any Federal and/or State claims alleged in the Amended Complaint.

## COUNT I
(Violations of Federal and State False Clams Acts, *inter alia*, 31 U.S.C. § 3729, et. seq. and H.R.S. § 661-21)

8. In answer to paragraph 8 of the Amended Complaint, Defendant realleges and hereby incorporates its answers to paragraphs 1-7 as set forth above.

9. In answer to paragraph 9 of the Amended Complaint, Defendant denies all allegations contained therein, except insofar as 31 U.S.C. § 3729, et. seq. and H.R.S. § 661-21 speak for themselves.

10. In answer to paragraph 10 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729(a)(1), (2), and (3), and H.R.S. §§ 661-21(a)(1), (2), and (3) speak for themselves.

11. In answer to paragraph 11 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof, except insofar as 31 U.S.C. §§ 3729, et. seq. speak for themselves.

12. In answer to paragraph 12 of the Amended Complaint, Defendant states that 31 U.S.C. §§ 3729(a)(1) and H.R.S. §§ 661-21(a)(1) speak for themselves.

13. In answer to paragraph 13 of the Amended Complaint, Defendant states that 31 U.S.C. §§ 3729(a)(2) and H.R.S. §§ 661-21(a)(2) speak for themselves.

14. In answer to paragraph 14 of the Amended Complaint, Defendant states that 31 U.S.C. §§ 3729(a)(3) and H.R.S. §§ 661-21(a)(3) speak for themselves.

15. In answer to paragraph 15 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to Hawai`i Pacific Health ("HPH"), Kauai Medical Clinic ("KMC"), Wilcox Memorial Hospital ("WMH"), and Wilcox Health System ("WHS"), as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof. Defendant denies the remaining allegations in paragraph 15.

16. In answer to paragraph 16 of the Amended Complaint, Defendant states that the federal and state laws, regulations, rules and instructions pertaining to the administration of the Medicare/Medicaid programs speak for themselves. Defendant admits that he has rendered care on claims submitted as a part of the Medicare/Medicaid programs. Defendant denies the remaining allegations in paragraph 16.

17. In answer to paragraph 17 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 17.

18. In answer to paragraph 18 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

19. In answer to paragraph 19 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 19.

Fraudulent Medical Record Keeping

20. In answer to paragraph 20 of the Amended Complaint, Defendant admits Defendant interviewed Plaintiff Lockyer for employment at KMC in its internal medicine department. Defendant denies the remaining allegations in paragraph 20.

21. In answer to paragraph 21 of the Amended Complaint, Defendant admits that Plaintiff Lockyer initiated an arbitration procedure over his allegations regarding compensation as provided for in Plaintiff Lockyer's employment agreement. Defendant denies the remaining allegations in paragraph 21.

22. In answer to paragraph 22 of the Amended Complaint, Defendant denies the allegations contained therein.

## Billing for Services not Provided

23. In answer to paragraph 23 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

24. In answer to paragraph 24 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

25. In answer to paragraph 25 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

26. In answer to paragraph 26 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

27. Defendant denies the allegations in paragraph 27 of the Amended Complaint.

28. In answer to paragraph 28 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

29. In answer to paragraph 29 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

30. In answer to paragraph 30 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

31. In answer to paragraph 31 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

32. Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations in paragraph 34 of the Amended Complaint.

## COUNT II
(Wrongful Termination and Retaliation)

35. In answer to paragraph 35 of the Amended Complaint, Defendant realleges and hereby incorporates its answers to paragraphs 1-34 as set forth above.

36. In answer to paragraph 36 of the Amended Complaint, Defendant states that H.R.S. Chapter 661, H.R.S. §§ 28-91 and 346-14, and Title 17, Chapter

1704 and Title 11, Chapter 94 of the Hawai`i Administrative Rules speak for themselves.

37. In answer to paragraph 37 of the Amended Complaint, Defendant neither admits nor denies the allegations concerning what Plaintiff Lockyer "knew," was "aware" of, or "suspected," as Defendant is without knowledge or information sufficient to form a belief as to the truth regarding these allegations. Defendant denies the remaining allegations in paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations in paragraph 38 of the Amended Complaint.

39. In answer to paragraph 39 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

40. In answer to paragraph 40 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 40.

41. In answer to paragraph 40 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 41.

42. In answer to paragraph 42 of the Amended Complaint, Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

43. In answer to paragraph 43 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 43.

44. In answer to paragraph 40 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 44.

45. In answer to paragraph 40 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in paragraph 48 of the Amended Complaint.

## COUNT III
(Whistleblower Protection: 31 U.S.C. § 3730(h) and H.R.S. § 378-61)

49. In answer to paragraph 49 of the Amended Complaint, Defendant realleges and hereby incorporates its answers to paragraphs 1-48 as set forth above.

50. In answer to paragraph 50 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 50.

## COUNT IV
(Punitive Damages)

51. In answer to paragraph 51 of the Amended Complaint, Defendant realleges and hereby incorporates its answers to paragraphs 1-50 as set forth above.

52. In answer to paragraph 52 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 52.

53. In answer to paragraph 53 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 53.

## COUNT V
(Violations of Federal False Claims Act, inter alia, 31 U.S.C. § 3729)

54. In answer to paragraph 54 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 54.

## COUNT VI
(Violations of Federal False Claims Act, 31 U.S.C. § 3729, et. seq.)

55. In response to paragraph 55 of the Amended Complaint, Defendant neither admits nor denies the allegations with regard to HPH, KMC, WMH, and WHS. Defendant denies the remaining allegations in paragraph 55.

## ALL COUNTS

56. Any allegations against Defendant contained in the Amended Complaint not specifically addressed in this Answer are hereby denied.

## SECOND DEFENSE

57. The Court lacks subject matter jurisdiction over the Amended Complaint.

## THIRD DEFENSE

58. Plaintiffs' claims are barred for failure to exhaust administrative remedies.

## FOURTH DEFENSE

59. Plaintiffs' claims are barred by the doctrine of primary jurisdiction

## FIFTH DEFENSE

60. Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

## SIXTH DEFENSE

61. Plaintiffs' claims are barred by the Statute of Frauds.

## SEVENTH DEFENSE

62. Plaintiffs' claims are barred by lack of privity.

## EIGHTH DEFENSE

63. Plaintiffs' claims are barred by lack of standing.

## NINTH DEFENSE

64. Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## TENTH DEFENSE

65. The rights and remedies of Plaintiffs are restricted by agreement.

## ELEVENTH DEFENSE

66. Some or all of Plaintiffs' claims are subject to binding arbitration.

## TWELFTH DEFENSE

67. Some or all of Plaintiffs' claims are barred by accord and satisfaction.

## THIRTEENTH DEFENSE

68. Plaintiffs' claims are barred by absence of any irreparable harm to Plaintiffs.

## FOURTEENTH DEFENSE

69. Some or all of Plaintiffs' claims are barred because Defendant acted in good faith and within the scope of his employment.

## FIFTEENTH DEFENSE

70. Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

## SIXTEENTH DEFENSE

71. Some of all of Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

## SEVENTEENTH DEFENSE

72. Some of all of Plaintiffs' claims are barred as any and all of Defendant's actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute bona fide business practices, and were carried out in furtherance of Defendant's legitimate business interests.

## EIGHTEENTH DEFENSE

73. Plaintiffs' claims are barred as the injuries alleged by Plaintiffs were caused in whole or in part by the conduct of third parties for whom Defendant was not responsible; through forces in the marketplace over which Defendant has no control; or through acts or omissions on the part of Plaintiffs.

### NINETEENTH DEFENSE

74. Plaintiffs' claims are barred as Plaintiffs suffered no harm to their reputations, their business, or otherwise, as a result of any conduct set forth in the Amended Complaint.

### TWENTIETH DEFENSE

75. Plaintiffs are barred from maintaining this action against Defendant by reason of Plaintiffs' own negligence or other wrongful conduct which was the legal cause of the damages alleged by this Amended Complaint.

### TWENTY-FIRST DEFENSE

76. The Amended Complaint is barred by voluntary assumption of a known risk.

### TWENTY-SECOND DEFENSE

77. Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction.

### TWENTY-THIRD DEFENSE

78. The liability, if any, for the damages alleged in the Amended Complaint rests with parties other than the Defendant.

### TWENTY-FOURTH DEFENSE

79. Plaintiffs are not entitled to recover the punitive damages demanded in their Amended Complaint as an award of punitive damages would violate

Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of Hawai`i, including Defendant's rights to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Hawai`i; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of the State of Hawai`i; and (3) substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I of the Constitution of the State of Hawai`i.

### TWENTY-FIFTH DEFENSE

80. Plaintiffs' claims are barred or should be reduced by comparative negligence.

### TWENTY-SIXTH DEFENSE

81. Plaintiffs' claims are barred because of prior knowledge of the government.

### TWENTY-SEVENTH DEFENSE

82. Plaintiffs' claims are barred by qualified privilege and/or qualified immunity.

### TWENTY-EIGHTH DEFENSE

83. Plaintiffs' claims should be dismissed because this Court lacks

jurisdiction due to previous public disclosure of the allegations underlying the Amended Complaint.

### TWENTY-NINTH DEFENSE

84. Plaintiffs' claims should be dismissed for failure to state and plead said claims with particularity.

### THIRTIETH DEFENSE

85. Plaintiffs' claims as to retaliation or termination in violation of public policy are barred because the policy sought to be vindicated already is embodied in a statute providing its own remedy for violation.

### THIRTY-FIRST DEFENSE

86. Plaintiffs' claims should be dismissed because Plaintiff Lockyer did not report a violation of law.

### THIRTY-SECOND DEFENSE

87. Plaintiffs' claims as to retaliation or termination in violation of public policy are barred because Defendant was not Plaintiff Lockyer's employer.

### THIRTY-THIRD DEFENSE

88. Plaintiffs' claims should be dismissed because Defendant honestly believed in legitimate reasons for his actions.

### THIRTY-FOURTH DEFENSE

89. Defendant reserves the right to amend his Answer to include

additional affirmative defenses if and when discovery justifies the same.

WHEREFORE, Defendant prays for the following:

(1) All claims contained in Plaintiffs' Amended Complaint against Defendant be dismissed with prejudice;

(2) Defendant be awarded attorneys' fees and costs;

(3) Defendant has such other and further relief as this Court deems just and equitable.

DATED:   Honolulu, Hawaii,  February 20, 2007.

/s/ Stephanie E.W. Thompson____
SHARON V. LOVEJOY
STEPHANIE E.W. THOMPSON
Attorneys for Defendant
LEE A. EVSLIN, M.D.

---

CIVIL NO. CV 04-00596 ACK LEK, *US ex rel Lockyer v. HPH, et. al.*
DEFENDANT LEE A. EVSLIN M.D.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, FILED FEBRUARY 2, 2007.