IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D. AND JAMES LOCKYER, M.D., in his own behalf,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; AND WILLIAM A. EVSLIN, M.D. AKA LEE A. EVSLIN, M.D.<br>　　　　Defendants. | CIVIL NO. CV 04-00596 ACK LEK<br>(Federal and State - Qui Tam)<br><br>DECLARATION OF LAWRENCE R. RAITHAUS, M.D.; EXHIBIT R1<br><br><br>HEARING<br><br>Date:　March 27, 2007<br>Time:　10:30 A.M.<br><br>Trial Date:　September 18, 2007<br>Judge:　Honorable Alan C. Kay |

DECLARATION OF LAWRENCE R. RAITHAUS, M.D.

I, LAWRENCE R. RAITHAUS, M.D., do hereby declare that the following facts are based on personal knowledge, and that I am competent to so testify:

　　　1.　I am a physician licensed to practice medicine in the State of Hawai`i, and am over 18 years of age.

　　　2.　I am a resident of the Island of Kauai.

　　　3.　I am board certified in the subspecialty of urology.

4. I was employed by Kauai Medical Clinic ("KMC") from November, 1990 to August 30, 2000, as the only surgical subspecialist in the field of Urology.

5. It was my perception during my employment by KMC, and since that time, that Dr. Evslin, the then acting CEO of the Kauai Medical Clinic, had prime influence over or controlled in all matters related to hiring and firing physicians and non-physician staff, and in directing the actions and activities of the standing committees having to do with business and administrative decisions.

6. Often the decisions that appeared to be that of those of a committee, in fact reflected the direct will of Dr. Evslin.

7. Dr. Evslin called meetings of the doctors for various issues, but Dr. Evslin dominated the meetings. He was in charge of the agenda, and blocked any actions that did not come out the way he wanted.

8. I became increasingly suspicious that Dr. Evslin and KMC were misdirecting revenues from claims submitted for my services or not crediting me with all of the claims KMC submitted for my services, to reduce the compensation I was due.

9. Several other KMC-employed doctors held substantially similar suspicions about their compensation.

10. The doctors collectively believed that there was little we could do to compel Dr. Evslin to allow us access to the financial and claims data because he dominated decisions and held sway over the Wilcox Board. In desperation, we turned as a group to Dave Patton, then CEO of Wilcox Memorial Hospital, for support for our position that we should be allowed to review the claims and financial information. From my personal files, I have attached as Exhibit R1 a true and correct copy of a letter we sent to Mr. Patton, which we all signed and copied to Dr. Evslin.

I, LAWRENCE R. RAITHAUS, M.D., do declare under penalty of law that the forgoing is true and correct.

DATED: ~~Honolulu,~~ Lawai Hawai'i, March 8, 2007

_____
LAWRENCE R. RAITHAUS, M.D.