# Exhibit 33

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

KENNETH S. ROBBINS      1000-0
LEIGHTON M. HARA        7826-0
WENDY M. YAMAMOTO       8049-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-2355
Facsimile: (808) 526-0290
Email: defend@robbinsandassociates.net

PATTON BOGGS LLP
Attorneys at Law

HARRY R. SILVER
2550 M Street, NW
Washington, D.C. 20037
Telephone: (202) 457-6453
Facsimile: (202) 457-6315
Email: hsilver@pattonboggs.com


Attorneys for Defendants
HAWAI'I PACIFIC HEALTH,
KAUAI MEDICAL CLINIC, WILCOX MEMORIAL
HOSPITAL AND WILCOX HEALTH SYSTEM

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>ex rel. JAMES LOCKYER, M.D., )<br>STATE OF HAWAII, ex rel. JAMES )<br>LOCKYER, M.D., and JAMES )<br>LOCKYER, M.D., in his own behalf )<br>) | CIVIL NO. 04-00596 ACK LEK<br>(Federal and State – Qui Tam) |

|                          | )  |
|--------------------------|----|
| Plaintiffs,              | )  |
|                          | )  |
| v.                       | )  |
|                          | )  |
| HAWAI'I PACIFIC HEALTH, *et al.* | ) |
|                          | )  |
| Defendants.              | )  |
|                          | )  |

## DECLARATION OF EDWIN D. RAUZI

1. My name is Edwin D. Rauzi. I am a partner with the firm of Davis Wright Tremaine LLP, and one of the attorneys for Hawaii Pacific Health and the other corporate defendants in this matter. My business address is 1501 Fourth Avenue, Suite 2600, Seattle, WA 98101.

2. Attached as Exhibit A is a true and correct copy of electronic correspondence that I had with Terrance Kay of the Center for Medicare and Medicaid Services (CMS), on April 17 and 18, 2006.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 15, 2007.

_____
Edwin D. Rauzi

# EXHIBIT A

# Rauzi, Edwin

**From:** Kay, Terrence L. (CMS/CMM) [Terrence.Kay@cms.hhs.gov]
**Sent:** Tuesday, April 18, 2006 10:01 AM
**To:** Rauzi, Edwin
**Subject:** RE: I need your/CMS's help,

I'd be happy to talk about general policies but would not want to discuss the details of a specific case

---

**From:** Rauzi, Edwin [mailto:edrauzi@dwt.com]
**Sent:** Monday, April 17, 2006 4:39 PM
**To:** Kay, Terrence L. (CMS/CMM)
**Subject:** RE: I need your/CMS's help,

No, it is much worse. In the hypothetical situation that I would like to discuss, the Assistant U.S. Attorney for Hawaii has intervened in a whistleblower case brought by a former physician employee of the group medical practice. The physician employee was supposed to "supervise" or "cover" the chemotherapy suite on a few days when the only oncologist on Kauai was either off-island or the group was between oncologists. He now wants $5 million dollars for the claims that were submitted using his UPIN as the supervising physician.

I believe the Relator is accurate when he states that (a) the claims were not for his patient; (b) he didn't see the patient; (c) he did not order the CBC to determine whether the white blood count was high enough; (d) he didn't order the chemotherapy, yet claims for chemo drugs, chemo administration/infusion, a CBC and an occasional E&M were ordered using his UPIN.

One of the reasons that I thought to contact you is that the scenario is somewhat similar to one of the scenarios that Alice Gosfield described to you in her letter after the 2002 fee schedule regs were published (i.e., the part about atypical claims being associated with a physician). I attach a copy in case Ms. Gosfield has written you more than one letter. ;-)

I can understand the policy decision to require the UPIN of the supervising physician to be included on the claim form, but the Relator and the AUSA seem to ascribe a greater level of involvement by and responsibility for the supervising physician than what the rules seem to require. The AUSA has told us that chemotherapy cannot be provided unless the oncologist is next door and reads the CBC the day of the chemo. That does not sound like it is appropriate or even possible in a rural setting.

I am telling you this because you have a good reputation and I don't want to create problems for you without disclosing that they may be looming. Still, I really hope I can find someone to lend whatever assistance is appropriate because the AUSA seems convinced that he's found "Al Capone" and that it is a moral outrage to contemplate that chemotherapy will be provided without an oncologist on site that day. The Relator even claims that epogen shots given by nurses to non-chemo patients are false claims. The AUSA is really coming down hard on the Clinic, saying (in essence) that "there can be no defense for such egregious behavior that risked the lives of vulnerable patients." I think that some/much/all of his outrage is based on an interpretation of CMS's rules that are not correct.

May I still call?

> -----Original Message-----
> **From:** Kay, Terrence L. (CMS/CMM) [mailto:Terrence.Kay@cms.hhs.gov]
> **Sent:** Monday, April 17, 2006 12:57 PM
> **To:** Rauzi, Edwin
> **Subject:** RE: I need your/CMS's help,
>
> would be happy to. I was out all of last week so am catching up. I would best be able to focus on this if we

talked Friday morning at 10am. Is that soon enough?

Also, who is making the assertion? Is there a local carrier policy that allegedly affects this?

---

**From:** Rauzi, Edwin [mailto:edrauzi@dwt.com]
**Sent:** Monday, April 17, 2006 3:23 PM
**To:** Kay, Terrence L. (CMS/CMM)
**Subject:** I need your/CMS's help,

but it's a long story. Is there a time that I can call? It involves the assertion that only an oncologist must provide "incident to" supervision of chemotherapy services provided by oncology nurses in a rural group medical practice setting. It seems contrary to everything that I can find, both in theory and in practice.s

I am just another lawyer, but I have spoken to you once or twice at the Reimbursement Seminar in Baltimore, and I recall that you were helpful in the past.

Is there any chance I can schedule a time to call? I am not seeking to waste your time on a trivial matter--it is important.

Thanks.