It is well established that "a disputed legal issue" is not enough to support a False Claims Act allegation. *Hagood v. Sonoma County Water Agency,* 81 F.3d 1465, 1477 (9th Cir. 1996). "[C]laims are not 'false' under the FCA when reasonable persons can disagree regarding whether the service was properly billed to the Government." *United States v. Prabhu*, 442 F. Supp. 2d 1008, 1026 (D. Nev. 2006); *United States ex rel. Lamers v. City of Green Bay*, 168 F.3d 10013, 1018 (7th Cir. 1999) ("errors based simply on faulty calculations or flawed reasoning are not false under the FCA…[a]nd imprecise statements or differences in interpretation growing out of a disputed legal question are similarly not false under the FCA"). Therefore, Relator cannot state a cognizable claim against HPH Defendants based on the undisputed material facts in the evidentiary record.

    C.    The Evidentiary Record Supports the Undisputed Fact that the KMC Nurses Are Qualified; However, the FCA Should Not Be Used to Address Quality of Care Arguments

Plaintiff Lockyer argues in his opposition brief that HPH Defendants failed to show the absence of a genuine issue of material fact as to whether the nurses assigned to the KMC Oncology Department were sufficiently qualified to administer chemotherapy without continuous direct supervision. HPH Defendants dispute Plaintiff's assertion that the qualifications of the nurses bear on a determination in this case as to whether HPH Defendants submitted fraudulent claims for purposes of the False Claims Act.