STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation
SHARON V. LOVEJOY          5083-0
STEPHANIE E.W. THOMPSON    8399-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone No. (808) 537-6100
Facsimile No. (808) 537-5434
slovejoy@starnlaw.com
sthompson@starnlaw.com

Attorneys for Defendant
LEE A. EVSLIN, M.D.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf; <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.; <br><br> Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam) <br><br> MEMORANDUM IN SUPPORT OF MOTION |

62952 part 3
(Motion to Strike Hearsay and Other Testimony)

## MEMORANDUM IN SUPPORT OF MOTION

**I.   INTRODUCTION**

Defendant Lee A. Evslin, M.D. ("Evslin"), by and through his counsel of record, hereby moves to strike portions of Plaintiff James Lockyer, M.D.'s Memorandum in Opposition (as amended), including Exhibit 1 (Draft Camden Group Report), and various portions of the Declarations of Michael S. Braun, M.D., R Craig Netzer, M.D., Lawrence Raithaus, M.D. and James Lockyer, M.D. (collectively, the "Declarations"), as (1) being inadmissible hearsay, (2) lacking the requisite personal knowledge or proper authentication, and/or (3) being improper lay opinion testimony.

As such, these portions of Plaintiff's Memorandum in Opposition, including the Exhibit and Declarations, do not demonstrate a genuine issue of fact worthy of trial. Defendant Evlsin is, therefore, entitled to summary judgment on Plaintiff's Second, Third and Four Claims for Relief.

**II.   ARGUMENT**

The party seeking admission of evidence on a motion for summary judgment, or in opposition to such a motion, bears the burden of proving the evidence is admissible. *See Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1004 (9th Cir. 2002) (affirming summary judgment against plaintiff for failure to show prima facie violation of False Claims Act) (citing *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041,

1045 (9th Cir. 1999); *Oki Am., Inc. v. Microtech Int'l., Inc.,* 872 F.2d 312, 314 (9th Cir. 1989)).

Evidence that constitutes inadmissible hearsay not subject to an exception,[1] that is not based on personal knowledge[2] and/or not properly authenticated,[3] and that clearly constitutes improper lay opinion testimony[4] – is simply not admissible on summary judgment. *See Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1181-1182 (9th Cir. 1988); Fed.R.Civ.P. 56(e); *Hollingsworth Solderless Terminal Co. v. Turley,* 622 F.2d 1324, 1335 n. 9 (9th Cir. 1980); *United States v. Dibble,* 429 F.2d 598, 601-02 (9th Cir. 1970). Indeed, the Ninth Circuit Court of Appeals has "repeatedly held that 'documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.'" *Beyenne,* 854

---

[1] "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802.

[2] "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses." Fed. R. Evid. 602.

[3] "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

[4] "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

3

F.2d at 1182 (citing *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987)).

Here, Plaintiff has sought to rely on and submit as evidence various portions of his Memorandum in Opposition, including Exhibit 1 and various portions of the Declarations that are simply inadmissible on summary judgment.

For the following reasons, this inadmissible "evidence" should be struck from Plaintiff's Memorandum in Opposition and not considered by the Court in deciding Evslin's Motion for Summary Judgment.

    **A.**    **Plaintiff's Exhibit 1 Is Inadmissible Hearsay, Is Not Properly Authenticated, and, on Its Face, Does Not Support the Proposition that Plaintiff Claims It Does.**

Plaintiff has attached a copy of a draft report entitled The Camden Group, Kauai Medical Clinic, Organizational Assessment, dated May 10, 1999, for the purpose of supporting his claim that Defendant Evslin was Plaintiff's *de facto* employer and that Evslin showed excessive control over hiring and staffing decisions. Unfortunately, Exhibit 1 (a copy of which is also attached hereto for the Court's convenience as Ex. 1) is not properly authenticated, is inadmissible hearsay and, on its face, does not support the proposition Plaintiff claims it does.

**First**, in his Declaration, Plaintiff has not provided any basis for his alleged personal knowledge of this document or his capacity to authenticate it as true and

---

Fed. R. Evid. 701.

correct.  **Second**, in the last full paragraph on the first page, Exhibit 1 provides that the information contained therein was based on hearsay, as it was based on "physician interviews" and "individual interviews."  Exhibit 1 does not show or provide that it was based on a review or analysis of the actual voting results of Salary & Finance Committee of Kauai Medical Clinic – the best evidence of whether Evslin had exclusive control over hiring and staffing decisions and/or whether Evslin in fact exhibited unusual or excessive control over the hiring and staffing decisions.

By comparison, the Minutes of the various Joint Meetings of the Executive Committee and the Salary & Finance Committee of Kauai Medical Clinic (copies of which are also attached hereto for the Court's convenience as Ex. 2) demonstrate unequivocally that the decisions of hiring and staffing generally – and with particular regard to Plaintiff – were not within the exclusive control of Evslin and were consistently and repeatedly subject to a vote by the committee.  Furthermore, in his Concise Statement of Facts, ¶¶ 1-2, Plaintiff has agreed and admitted to the authenticity of the Employment Agreement between Kauai Medical Clinic and Lockyer, dated March 1, 2000, attached as Ex. 9 to Evslin's Motion for Summary Judgment (and reattached hereto as Ex. 3 for the Court's convenience).

**Third** and finally, on its face, Exhibit 1 does not support the contention that Plaintiff claims it does.  Exhibit 1 provides that, in 1999, "far too many operational issues and problems" have been delegated as responsibilities to the President/CEO and

5

that they must be "resolved by the President/CEO". That is why "clinic coordinator positions were recently created" to allow more delegation of clinical operational issues and why the "Medial Director . . . spends a fair amount of his time resolving these kinds of problems (i.e., locating a locum tenens physician, physician staffing)." Exhibit 1 merely shows that responsibilities to address and handle staffing problems were delegated *in part* to Evslin as President/CEO – but nothing within Exhibit 1 contradicts the best evidence of how the Salary & Finance Committee exhibited actual control and voting over ultimate hiring and staffing decisions involving Plaintiff – or the Employment Agreement between Kauai Medical Clinic and Lockyer, showing that Kauai Medical Clinic was Lockyer's employer. *See* Exs. 2 and 3.

Accordingly, Plaintiff's proffer of Exhibit 1 as evidence to oppose Evslin's Motion for Summary Judgment as to Plaintiff's Second Claim (wrongful termination and retaliation) and Third Claim (whistleblower claim) – and show that Evslin is Plaintiff's *de facto* employer – is inadmissible and does not demonstrate a genuine issue of material fact worthy of trial.

    **B.**     **Various Portions of the Plaintiff's Memorandum in Opposition and the Declarations Include Inadmissible Hearsay, Lack Proper Foundation, and/or Include Improper Lay Opinion Testimony.**

In an attempt to salvage his Amended Complaint, Plaintiff has raised several new facts and allegations not previously raised or provided in his Amended Complaint, in his answers to discovery requests, or in his responses to deposition

6

questions.  In fact, in what appears to b a hasty effort to create a genuine issue of fact and survive Evslin's Motion for Summary Judgment, Plaintiff Lockyer has proffered factual allegations through his declaration and the Declarations of various disgruntled former doctors and employees of Kauai Medical Clinic (copies of which are reattached for the Court's convenience as Ex. 4) – the majority of which are simply not admissible, as they include allegations that either (a) are inadmissible hearsay, (b) lack the requisite personal knowledge or other proper foundation, and/or (c) are improper lay opinion testimony.

Because of the sheer magnitude of the improper allegations contained in Plaintiff's Memorandum in Opposition and the attached Declarations, the simplest format for presenting the arguments is through the below table.

|    | Improper Evidence | Doc./Page/Para. | Bases for Objection |
|----|---|---|---|
| 1. | Statements that Dr. Evslin allegedly would not like or permit a request for a complete financial audit or allow other access to financial and claims data | Memorandum in Opposition ("MIO") at 4<br><br>Concise Statement ¶ 6<br><br>Braun Dec. ¶ 25; Raithaus Dec. ¶ 10; Lockyer Dec. ¶¶ 38-41, 44 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony<br><br>No evidence of any request or rejection for similar action had ever been made to Dr. Evslin<br><br>Conclusory email exchanges generated in 2007 do not create a genuine issue of fact in this regard (Exs. L1 – L4) |
| 2. | Statements that Dr. Evslin allegedly denied Lockyer | MIO at 17-21, 24 | Hearsay not subject to an exception; lacking proper |

7

|   | Improper Evidence | Doc./Page/Para. | Bases for Objection |
|---|---|---|---|
|   | access to his billing records and information | Concise Statement ¶¶ 5-6<br><br>Lockyer ¶¶ 38-39 | foundation<br><br>Lockyer has misleadingly testified that Dr. Evslin denied his alleged request for a **collated report** in 2000 – not access to the actual billing records and information |
| 3. | Statements that Dr. Evslin knowingly or had been personally involved in the alleged unauthorized use of doctors' UPIN numbers for chemotherapy treatments | MIO at 4<br><br>Coleman Dec. at 2-3 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony<br><br>Absolutely no evidence presented that Evslin knew or had personal knowledge that the doctors' UPIN numbers were being improperly used<br><br>No evidence that Coleman has any personal knowledge or documents sufficient to support an opinion in this regard |
| 4. | Statements that Dr. Evslin allegedly attempted to fire Lockyer or force him to resign without any legitimate grounds | MIO at 11<br><br>Concise Statement ¶ 25<br><br>Netzer Dec. ¶¶ 12-15<br><br>Braun Dec. ¶¶ 25-28 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony<br><br>Declarants testified that they attended "at least one" Internal Medicine Meeting but not that they attended any of the Salary & Finance Committee Meetings |

|   | Improper Evidence | Doc./Page/Para. | Bases for Objection |
|---|---|---|---|
|   |   |   | Declarants failed to provide any personal knowledge of the actual voting results of the Salary & Finance Committee Meetings regarding employment and staffing decisions generally or specifically regarding Lockyer<br><br>Declarants failed to provide any personal knowledge of the facts or events surrounding Lockyer's reductions in salary, and failed to provide any foundation for their conclusions that those salary reductions were improper |
| 5. | Statements that Dr. Evslin allegedly dominated employment and staffing decisions | MIO at 14-15;<br><br>Braun Dec. ¶¶ 26-27, 28; Netzer Dec. ¶¶ 12-15; Raithaus Dec. ¶¶ 5-7 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony<br><br>Declarants testified that they attended "at least one" Internal Medicine Meeting but not that they attended any of the Salary & Finance Committee Meetings; Declarants show no personal knowledge of the actual voting results of the Salary & Finance Committee Meetings regarding employment and staffing decision |
| 6. | Exhibit 1 – the Draft Camden Group Report | MIO at 14;<br>Lockyer Dec. ¶ 2 | Hearsay not subject to an exception; lacking proper |

9

|    | Improper Evidence | Doc./Page/Para. | Bases for Objection |
|----|-------------------|-----------------|---------------------|
|    |                   |                 | foundation<br><br>No personal knowledge or authentication |
| 7. | Implications and innuendo that Dr. Evslin's chairing the Salary & Finance Committee Meetings allegedly resulted in falsification of minutes or voting results | MIO at 15<br><br>Concise Statement ¶ 27<br><br>Braun Dec. ¶ 28 | Hearsay not subject to an exception; lacking proper foundation<br><br>Declarants had no personal knowledge of the Minutes and have not alleged any facts showing that the voting results as reflected in the minutes are not correct or do not accurately reflect the voting that occurred at those meetings |
| 8. | Statements that producing billing and claim information allegedly would have somehow interfered with the merger with HPH | MIO at 15-16<br><br>Concise Statement ¶ 8 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony<br><br>Aside from being total speculation, Declarants had no personal knowledge of the terms of the deal between Kauai Medical Center and HPH, and have failed to show any personal knowledge of the billing or claim data they claim to support their allegations of improper billings |
| 9. | Statements that Kauai Medical Clinic or Dr. Evslin allegedly misdirected | MIO at 24<br><br>Raithaus Dec. ¶¶ 8- | Hearsay not subject to an exception; lacking proper foundation; and improper lay |

10

|     | Improper Evidence | Doc./Page/Para. | Bases for Objection |
| --- | --- | --- | --- |
|     | revenues from claims or that "other KMC-employed doctors" suspected that Dr. Evslin or Kauai Medical Clinic was misdirecting revenues | 9 | opinion testimony<br><br>Declarants failed to present any evidence that they any personal knowledge to support these types of statements |
| 10. | Statement of being "aware" that Dr. Evslin allegedly asked the Internal Medicine Department to sign chemotherapy patient charts at the end of the day but that the group objected | Netzer Dec. ¶ 10 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony<br><br>Declarant has failed to allege any personal knowledge to support this statement and appears not to have worked at Kauai Medical Clinic at the time this alleged activity occurred – *i.e.*, May 2002 |
| 11. | Various statements by others about the proposed merger between Kauai Medical Clinic and HPH | Lockyer Dec. ¶ 6 | Hearsay not subject to an exception; lacking proper foundation |
| 12. | Statements regarding and disputing Beth Carlozzi's Declaration | Lockyer Dec. ¶ 7 et seq. | Hearsay not subject to an exception; lacking proper foundation<br><br>Plaintiff testified that he never "covered", and only responded to one or two emergencies in, the oncology department, and therefore should have no personal knowledge of who worked there when |

| | Improper Evidence | Doc./Page/Para. | Bases for Objection |
|---|---|---|---|
| | | | Further, Plaintiff failed to provide any personal knowledge of the hiring and staffing for the oncology department |
| 13. | Alleged statements regarding whether Dr. Gelmann "was in private practice in circumstances which are similar to circumstances at KMC" | Lockyer Dec. at 9 | Hearsay not subject to an exception; lacking proper foundation; and improper lay opinion testimony |
| 14. | Alleged statements by Dr. Pixler regarding Plaintiff's practice and alleged reasons for having low billings | Lockyer Dec. ¶ 58 | Hearsay not subject to an exception |
| 15. | Alleged statements by Christina Newbold about Lockyer's coding sheets | Lockyer Dec. ¶ 59 | Hearsay not subject to an exception |

Because all of the above statements or exhibits are either hearsay not subject to an exception, lack proper foundation (in either personal knowledge or authentication), and/or constitute improper lay opinion testimony, they should be struck from Plaintiff's Memorandum in Opposition and not considered by this Court in reviewing and considering Evslin's Motion for Summary Judgment.

### III. CONCLUSION

Based on the foregoing, Defendant Evslin's Motion to Strike Hearsay and Other Improper Testimony should be granted. Plaintiff's inadmissible "evidence" should be

struck from Plaintiff's Memorandum in Opposition and not considered by the Court in deciding Evslin's Motion for Summary Judgment.

DATED: Honolulu, Hawaii, March 19, 2007.

     /s/ Stephanie E.W. Thompson
SHARON V. LOVEJOY
STEPHANIE THOMPSON

Attorneys for Defendant
WILLIAM A. EVSLIN aka
LEE A. EVSLIN, M.D.

---

CIVIL NO. CV 04-00596 ACK/LEK, *US ex rel. Lockyer v. HPH, et al.*, MEMORANDUM IN SUPPORT OF MOTION