STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation
SHARON V. LOVEJOY            5083-0
STEPHANIE E.W. THOMPSON      8399-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone No. (808) 537-6100
Facsimile No. (808) 537-5434
slovejoy@starnlaw.com
sthompson@starnlaw.com

Attorneys for Defendant
LEE A. EVSLIN, M.D.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf;<br><br>       Plaintiffs,<br><br>    vs.<br><br>HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.;<br><br>       Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam)<br><br>DECLARATION OF STEPHANIE E.W. THOMPSON; EXHIBIT "1"; DECLARATION OF JOHN HAYWARD, M.D. |

62982

## <u>DECLARATION OF STEPHANIE E.W. THOMPSON</u>

I, STEPHANIE E.W. THOMPSON, declare under penalty of law that the following is true and correct:

1.     I am an attorney with the law firm of Starn O'Toole Marcus & Fisher, attorneys for Defendant William A. Evslin, M.D., a.k.a. Lee Evslin, M.D. in the above-entitled matter.  I am licensed to practice law in the State of Hawai`i.  I make this declaration on the basis of personal knowledge.

2.     To address assertions in Plaintiff Lockyer's Opposition to the HPH Defendants' motion for summary judgment, on or about Weds. March 14, 2007, Dr. Hayward was located in an effort to obtain a declaration. He was unfortunately not available until Friday morning, March 16, 2007.  On Friday, March 16, 2007, Dr. Hayward agreed to provide his declaration in this matter.

3.     All diligent effort was made to secure an executed copy of Dr. Hayward's Declaration and curriculum vitae before the scheduled filing deadline at midnight, Friday, March 16, 2007; however, due to clerical error and/or miscommunication, my office did not receive Dr. Hayward's executed Declaration until Saturday, March 17, 2007.

2

4.    Attached hereto as Exhibit 1 is a true and correct copy of email received on March 16 and 17, 2007, detailing the exchange between declarant, Ms. Sharon Lovejoy, lead counsel for Defendant Evslin, and Dr. Hayward, which e-mail is kept in this office in the ordinary course of business.

5.    On behalf of Defendant Evslin, counsel intended to attach Dr. Hayward's declaration to its Joinder to HPH's Reply to Plaintiff Lockyer's Opposition as it rebuts issues raised by Plaintiffs in their oppositions to the HPH's Motion for Summary Judgment, to which Defendant Evslin has joined.

6.    Having received the Dr. Hayward's declaration past the deadline to file a Reply, counsel intended to seek leave of Court to Amend its Joinder to allow the submission of the Hayward declaration. However, on review of the Local Rules of the U.S. District Court for the District of Hawaii, Rule 7.9, it became apparent that joinders to a Reply are not permitted. As a result, I and Ms. Lovejoy asked counsel for HPH to submit Dr. Hayward's declaration.

7.    Attached hereto is a true and correct copy of the Declaration of John Hayward, M.D. and his curriculum vitae as received from Dr. Hayward, on March 17, 2007.

3

DATED:  Honolulu, Hawaii, March 19, 2007.

STEPHANIE E.W. THOMPSON

CIVIL NO. CV 04-00596 ACK/LEK, *US ex rel. Lockyer v. HPH, et al.*,
DECLARATION OF STEPHANIE E.W. THOMPSON

4

**From:** Sharon Lovejoy
**To:** john hayward, drjohnhayward@yahoo.com
**Date:** 3/17/2007 5:51:13 AM
**Subject:** Re: Just following up

For us to use this in court, we needed to have you fill in the blanks, and sign and return it to us. We are not able to use your e-mail assent. Will you please fill in the blanks, sign and return it to us via fax (808) 537-5434, or by PDF?

-----Original Message-----
From: john hayward <drjohnhayward@yahoo.com>
To: Sharon Lovejoy <Sharon@starnlaw.com>

Sent: 3/16/2007 11:18:41 PM
Subject: Re: Just following up

yes. where is it ? i thought i replied.

Sharon Lovejoy <slovejoy@starnlaw.com> wrote:    Hi Dr. Hayward--there is no attachment.  Are you saying you agree to the declaration that I sent to you?

  Sharon V. Lovejoy
Starn O'Toole Marcus & Fisher
Pacific Guardian Tower, Suite 1900
733 Bishop Street
Honolulu, Hawaii 96813
Tel.  (808) 537-6100
Fax. (808) 537-5434
slovejoy@starnlaw.com

NOTICE:  THIS E-MAIL MESSAGE MAY BE A CONFIDENTIAL OR PRIVILEGED COMMUNICATION SENT IN FURTHERANCE OF AND FOR THE PURPOSE OF FACILITATING THE RENDITION OF PROFESSIONAL LEGAL ADVICE AND/OR SERVICES.  IF YOU ARE NOT THE ADDRESSEE OR INTENDED RECIPIENT OF THIS E-MAIL MESSAGE, PLEASE DELETE THIS MESSAGE AND DESTROY ANY PRINTED COPIES HEREOF.  THIS E-MAIL IS NOT INTENDED TO BE RELEASED TO OPPOSING PARTIES, OPPOSING COUNSEL OR ANY OTHER PERSON.

>>> <drjohnhayward@yahoo.com> 3/16/2007 9:14 PM >>>

  I agree to the attached statement that it is true to my recolition and rememberance. John Hayward MD
-----Original Message-----

From:  "Sharon Lovejoy" <slovejoy@starnlaw.com>
Subj:  Just following up
Date:  Fri Mar 16, 2007 7:08 pm
Size:  1K
To:  <drjohnhayward@yahoo.com>
cc:  <levslin@gmail.com>,"Stephanie Thompson" <SThompson@starnlaw.com>

  Hi Dr. Hayward--I just wanted to forward this again to make sure you received it. Unfortunately we didn't have much time under the local rules to respond to the other side's opposition papers, and we need to file this document today. Please let me or Stephanie know if there is anything you'd like changed. If it's okay, please let us know.

Aloha,
Sharon

**EXHIBIT " I "**

cell: (808) 351-0143

Stephanie's cell: (808) 391-0490

Sharon V. Lovejoy
Starn O'Toole Marcus & Fisher
Pacific Guardian Tower, Suite 1900
733 Bishop Street
Honolulu, Hawaii 96813
Tel. (808) 537-6100
Fax. (808) 537-5434
slovejoy@starnlaw.com

NOTICE: THIS E-MAIL MESSAGE MAY BE A CONFIDENTIAL OR PRIVILEGED COMMUNICATION SENT IN FURTHERANCE OF AND FOR THE PURPOSE OF FACILITATING THE RENDITION OF PROFESSIONAL LEGAL ADVICE AND/OR SERVICES. IF YOU ARE NOT THE ADDRESSEE OR INTENDED RECIPIENT OF THIS E-MAIL MESSAGE, PLEASE DELETE THIS MESSAGE AND DESTROY ANY PRINTED COPIES HEREOF. THIS E-MAIL IS NOT INTENDED TO BE RELEASED TO OPPOSING PARTIES, OPPOSING COUNSEL OR ANY OTHER PERSON.

BEGIN:VCARD
VERSION:2.1
X-GWTYPE:USER
FN:Sharon Lovejoy
N:Lovejoy;Sharon
TEL;WORK:x303
TITLE:Attorney
EMAIL;WORK;PREF;NGW:Sharon@starnlaw.com
END:VCARD

John A. Hayward MD
Oncology and Hematology

CC:             levslin@gmail.com, Stephanie Thompson

**Stephanie Thompson - declaration and cv**

| | |
|---|---|
| **From:** | john hayward <drjohnhayward@yahoo.com> |
| **To:** | Stephanie Thompson <sthompson@starnlaw.com> |
| **Date:** | 3/17/2007 9:41 AM |
| **Subject:** | declaration and cv |
| **CC:** | Sharon Lovejoy <slovejoy@starnlaw.com>, Lee Evslin <levslin@gmail.com> |

my email says the last transmission didnt go through. here it is again.
also, my fax is having trouble. will try to get corrected declaration out asap.


John A. Hayward MD
Oncology and Hematology

STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

SHARON V. LOVEJOY          5083-0
STEPHANIE THOMPSON       8399-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone No. (808) 537-6100
Facsimile No. (808) 537-5434
slovejoy@starnlaw.com
sthompson@starnlaw.com

Attorneys for Defendant
LEE A. EVSLIN, M.D.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf;<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. aka LEE A. EVSLIN, M.D.;<br><br>Defendants. | CIVIL NO. CV 04-00596 ACK LEK (Federal and State – Qui Tam)<br><br><br>**DECLARATION OF JOHN HAYWARD, M.D.** |

# DECLARATION OF JOHN HAYWARD, M.D.

I, JOHN HAYWARD, M.D., do declare that:

1.     I am a physician board certified in oncology, internal medicine, hospice,.  I am licensed to practice medicine in the State of Hawai`i, and California, and am fully competent in all respects to make this Declaration.  I have personal knowledge of all facts stated herein, except as otherwise noted.

2.     I worked as an oncologist at Kauai Medical Clinic ("KMC") from 1994 until May 2002.

3.     I currently work as an Oncologist

4.     While at KMC, I wrote the oncology orders for chemotherapy patients, and most of the time I directly supervised the chemotherapy administration.  If I was not available, Dr. Sutherland usually covered the chemotherapy administration.

5.     On the limited occasions when both I and Dr. Sutherland were physically unavailable to supervise the administration of chemotherapy, an internal medicine physician at KMC would cover the administration of chemotherapy.  These physicians were not asked or expected to order chemotherapy, but rather were to be available for nursing questions and to respond if needed to immediate adverse reactions..

6.     This coverage was arranged informally, with the concurrence and knowledge of Dr. Sutherland and/or myself, the covering physician and the oncology nurses.

7.     It was generally understood by myself, the nurses, and the covering internists that the covering physician would be available to render medical assistance to patients receiving chemotherapy, or other infusions, if the chemotherapy nurses sought physician assistance for an event, such as an adverse reaction, in the chemotherapy room. My understanding is based on observations and discussions.

8.     The potential and likely medical events for which an oncology nurse would seek physician assistance during chemotherapy can be handled by competent internal medicine physicians. In my opinion, the internal medicine physicians with whom I worked, and most internists in general, were capable of administering the immediate medical attention, or triage to a patient who may be experiencing some adverse reaction to chemotherapy.

9.     Although I do not recall ever seeing a written protocol describing the "on call" schedule for covering the infusion room, I do know that if I was unavailable, it was usually the internist scheduled to be "on call" that day for internal medicine that would also "cover" activities in the infusion room.

3

10. The oncology nurses at KMC with whom I worked are, in my opinion, the best crew of oncology nurses I have ever had the privilege of working with throughout my 21 years as an oncologist.

11. Each one of the nurses was very dedicated and highly competent and conscientious

12. The nurses would always, at the beginning of each day, clarify who was on call for that day. If I ever had to leave the office suite, I always checked in with the nursing staff and informed them of where I was going, and how long I would be gone. The nurses would then secure the services of an internist, usually the "on call" internist for that day, to be sure that he was immediately available to supervise any administration of chemotherapy. I know that the legal and safety issues of physician coverage of a chemo room was a significant part of the training for chemotherapy certification.

13. In my personal experience with the nurses at KMC and through multiple discussions with them, I am confident that in the event that a covering physician could not be secured, (which, to the best of my recollection has never occurred), the nurses would shut down the chemotherapy unit and not proceed with scheduled infusions.

14.     I have direct recollection that Dr. Lockyer, on several occasions, covered the chemotherapy administration room.   Dr. Lockyer and I, on several occasions we had conversations regarding chemotherapy treatment and his coverage of the chemotherapy unit.  He always seemed, to me, willing and interested in covering the chemotherapy room.

15.     Attached hereto is a true and correct copy of my *curriculum vitae.*

DATED:     March 16, 2007, San Francisco, California,

_____

John Hayward, M.D.