IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D., STATE OF HAWAII, ex rel. JAMES LOCKYER, M.D. and JAMES LOCKYER, M.D., in his own behalf;<br><br>    Plaintiffs,<br> vs.<br>HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; and WILLIAM A. EVSLIN, M.D. AKA LEE A. EVSLIN, M.D.,<br><br>    Defendants. | CIVIL NO. 04 00596 ACK/LEK<br>(Federal and State - Qui Tam)<br><br>DECLARATION OF HARRY YEE |

<u>DECLARATION OF HARRY YEE</u>

  I, HARRY YEE, declare that:

  1. I am the Assistant United States Attorney and assigned to the above case.

  2. Exhibit "A" is a true and correct copy of an email from Laurence Freedman to Me dated January 5, 2007.

  3. Exhibit "B" is a true and correct copy of an EXCEL spreadsheet provided to me from Department of Health and Human Services, Office of the Inspector General, Audit Branch, Honolulu, Hawaii which shows of the 1319 claims for chemotherapy services made by Defendant HPH/KMC in the year 2000 that there were also 768 Evaluation and Management services (E&M codes 99211-99215) billed. In addition, as to the 768 E&M codes billed 735 had the same physician providers numbers as the chemotherapy

services, so the appearance is the same physician provided both the E&M service as the chemotherapy service to the same patient during the same visit.

4. On February 23, 2006, Plaintiff/Relator's counsel (Janice P. Kim, Arlene D. Jouxson, and Rafael G. Del Castillo), Defendant HPH's counsel (Edwin D. Rauzi and Kenneth S. Robbins), Defendant HPH's senior management, and I met as part of the disclosure process to discuss in detail the False Claims Act ("FCA") claims and the Qui Tam complaint.

5. Between, February 23, 2006 and May 16, 2006, Mr. Rauzi and/or Mr. Robbins arranged with me a second meeting on May 16, 2006, with counsel for the United States.

6. On May 16, 2006 Mr. Rauzi, Mr. Robbins, and I met for a second time, but without Plaintiff/Relator's counsel. At this meeting, Mr. Robbins stated that he was further disclosing on the part of Defendant HPH, a number of physician billed office visits performed by nurses billed as *"Evaluation and Management" (E&M Codes 999211-99215)* codes possibly in violation of the Medicare Rules. These billings were identified during the course of an independent audit being performed regarding the False Claims Act violations alleged in this case. It was acknowledged that these may not be proper billings because only a physician, physician's assistant, or a nurse practitioner providing a service of evaluation or management may use this code to bill.

On that day, Defendant HPH through Mr. Robbins was requested to turn over any records of these claims and improper billings. Mr. Robbins requested additional time to provide further information on these newly disclosed false billings. Mr. Robbins did not disclose that these improper billings may be related to the false claims in this case.

7. On December 5, 2006, Mr. Robbins and his new co-counsel, Mr. Harry Silver and Mr. Lawrence Freedman, met again with the United States without Plaintiff/Relator's counsel to further discuss the False Claims Act violations. During the course of that meeting, Mr. Freedman brought up the subject of other possible inappropriate billings, which he reluctantly acknowledged had not been previously disclosed by Mr. Robbins. However, Mr. Freedman further disclosed that the inappropriate billings for physician, physician's assistant, or nurse practitioner office visits (E&M Code 99211-99215) by nurses were billed in addition to chemotherapy services already billed by physicians but provided by nurses alleged as violations of the False Claims Act (FCA) in this case. Since it was Defendant HPH's defense as to the pending FCA allegations that the chemotherapy services did not have to be supervised by physicians and that no physicians actually saw any patients during their chemotherapy services, Mr. Freedman conceded that the improper billings were by and for E&M services provided by the oncology

3

nurses in the chemotherapy suite for the same patient-encounter also generated billings for chemotherapy administration. It was further confirmed these improper billings were discovered as a result of an on-going audit being performed regarding the False Claims Act violations alleged in this case. On that day, Mr. Freedman was requested to have Defendant HPH turn over any records of these claims and improper, the audit report, and provide written confirmation of the disclosure. Mr. Freedman requested additional time to respond to these requests.

       8. On January 5, 2007 Mr. Freedman confirmed in an email the disclosure he made at the meeting on December 5, 2006. As result of this disclosure and lack of further cooperation by Defendant HPH on this issue the United States was compelled to move this Court to amend the existing complaint on January 8, 2007.

       9. On January 23, 2007, the Audit Section of the Office of the Inspector General, U.S. Department of Health and Human Services performed an initial analysis of claims information, limited to the year 2000, to provide a sample of the number of possible inappropriate billings for physician, physician's assistant, or nurse practitioner office visits (E&M - Code 99211-99215) by oncology nurses at the same time they were providing and billing for chemotherapy services. This analysis took 1319 claims previously identified for chemotherapy services

during the year 2000 then identified and matched 768 corresponding E&M code (code 99211-99215) billings by date and patient. Further analysis of the matched 768 E&M code billings revealed that 735 of those E&M code billings also had the same provider (physician) numbers as the chemotherapy billings.

      10. Plaintiff has not received from Defendants their good faith disclosure regarding the 99211-99215 claims. Plaintiff has performed a preliminary sampling of claims which indicates that violations may have occurred. Defendants should turn over the underlying data regarding any 99211-99215 claims that they have filed from 2000-2004. Because of the pendency of this motion and per the request of the defendants, the parties have agreed to set up new deadlines for discovery and to await the Court's ruling on this motion.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

      DATED: April 19, 2007, at Honolulu, Hawaii.

/s/ Harry Yee

_____
HARRY YEE

Case 1:04-cv-00596-ACK-KSC     Document 210-4     Filed 04/19/2007     Page 6 of 6