JANICE P. KIM            3436
Kaimuki Business Plaza
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816
Telephone: (808) 732-0522
Facsimile: (808) 735-0459
kimj054@hawaii.rr.com

ARLEEN D. JOUXSON        7223
RAFAEL G. DEL CASTILLO   6909
JOUXSON-MEYERS & DEL CASTILLO
Attorneys at Law, A Limited Liability Law Company
302 California Avenue, Suite 209
Wahiawa, Hawaii 96786
Telephone: (808) 621-8806
Fax: (808) 422-8772
rdelcastillo@physicianslawfirm.com

Attorneys for James Lockyer, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES LOCKYER, M.D. AND JAMES LOCKYER, M.D., in his own behalf,<br><br>          Plaintiffs,<br><br>vs.<br><br>HAWAI'I PACIFIC HEALTH; KAUAI MEDICAL CLINIC; WILCOX MEMORIAL HOSPITAL; WILCOX HEALTH SYSTEM; AND WILLIAM A. EVSLIN, M.D. AKA | CIVIL NO. CV 04-00596 ACK/KSC<br>(Federal and State - Qui Tam)<br><br>PLAINTIFF JAMES LOCKYER, M.D.'S SUBSTANTIVE JOINDER IN PLAINTIFF UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO DEFENDANTS HAWAI'I PACIFIC HEALTH'S, KAUAI MEDICAL CLINIC'S, WILCOX MEMORIAL HOSPITAL'S, AND WILCOX HEALTH SYSTEM'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE |

| | |
|---|---|
| LEE A. EVSLIN, M.D.<br>　　　　Defendants.<br><br>_____ | ) HEARING<br>)<br>) Date:　May 7, 2007<br>) Time:　9:30 A.M.<br>)<br>) Trial Date:　September 18, 2007<br>) Judge:　Honorable Alan C. Kay<br>) |

PLAINTIFF JAMES LOCKYER, M.D.'S SUBSTANTIVE JOINDER
IN PLAINTIFF UNITED STATES OF AMERICA'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS HAWAI`I PACIFIC HEALTH'S,
KAUAI MEDICAL CLINIC'S, WILCOX MEMORIAL HOSPITAL'S,
AND WILCOX HEALTH SYSTEM'S MOTION FOR SUMMARY JUDGMENT

Comes now Plaintiff JAMES LOCKYER, M.D., by and through his attorneys, Janice P. Kim, and Jouxson-Meyers & del Castillo, and joins in Plaintiff United States of America's Memorandum in Opposition to Defendants Hawai`i Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital and Wilcox Health System's Motion To Dismiss Fifth And Sixth Claims Of First Amended Complaint, Filed February 20, 2007, filed April 19, 2007 [**210**], by this substantive joinder, filed pursuant to Rule 7.9 of the Local Rules of Practice for the United States District court for the District of Hawaii and Rule 7 of the Federal Rules of Civil Procedure.

Defendants' Motion may not be granted on the <u>sole ground</u> argued—that the Amended Complaint fails to give them notice of the particular misconduct which is alleged to constitute the fraud charged—because Plaintiffs' original Complaint provided Defendants with all of the notice required by Rule 9(b). This is so because the claims which Counts V and VI allege are same-patient and same-date-

2

of-service double billings for claims Defendants submitted which Plaintiffs' original Complaint identified with particularity, and which are by now well-known to all parties and this Court. They include double-billings Defendants submitted to Medicare and Medicare HMO plans and the Hawaii State Med-QUEST authority which Plaintiffs have the right to pursue in discovery based upon Defendants' admissions. Defendants have already admitted that they filed a second claim for many, if not all, of the claims identified by the original Complaint, and thus they already know the who, what, when and where of the fraudulent claims complained of in Counts V and VI of the First Amended Complaint.

Defendants have further admitted to this Court that those E/M claims for physician-only services were not provided by physicians when they contended in their summary judgment motions that the presence and involvement of a physician was unnecessary for the chemotherapy—yet Defendants have admitted submitting claims for physician-only services which are the basis for Counts V and VI of the First Amended Complaint.

Additionally, Defendants submitted numerous such claims with a -25 modifier. Modifier -25 is used on same-day, same-patient claims to indicate a "significant, separately identifiable evaluation and management service." Such claims are clearly fraudulent if no physician even saw the patient. The -25 modifier was discussed and defined by the court in *United States v. Chen*, 2006

3

U.S. Dist. LEXIS 35845 *22 (D. Nev. 2006), which denied Defendant Dr. Chen's motion for summary judgment.

Dr. Chen received referrals "to place various catheters, such as Swan-Ganz catheters and central venous catheters . . . for very ill patient who require catheters immediately. . ." *Id.* at *2. He submitted a first claim for the procedure and a second claim for a consultation evaluation/management service, appending a -25 modifier to the consultation CPT code. *Id.* at *22. The improper use of the -25 modifier to secure payment for a second claim for services Medicare considered included in the procedure for which Dr. Chen submitted the first claim, *id.* at *5, constituted <u>double billing</u>. *Id.* at *22-23. Medicare did not reject or audit Defendant Dr. Chen's a same-day, same-patient claim because the -25 modifier appended to the claim indicated a different service. When Defendants in the case *sub judice* used the -25 modifier, they represented to the Government that a physician had provided a "significant" evaluation and management service that was "separately identifiable" from the chemotherapy, yet Defendants have admitted to this Court that the physician never even saw the patient. Medicare would have rejected all of the aforementioned E/M claims had Defendants disclosed that no physician saw the patient.

Although the allegation of intent is sufficient to sustain the Amended Complaint against a motion to dismiss because it must be taken for true, fraudulent intent is apparent in Defendants' submission of evaluation and management claims

4

for chemotherapy sessions in which they represented to this Court no physician involvement was needed, and in Defendants' addition of a -25 modifier to claims for physician-only services which enabled the claims to circumvent the standard claims-processing screens.  Such conduct more than suffices, because liability under the FCA does not require a specific showing if intent:  "In order to be liable for an FCA violation, [the] conduct need  only qualify under one of the alternative statutory standards, such as 'deliberate ignorance' or 'reckless disregard.'"  *United States ex rel. Plumbers & Steamfitters Local Union No. 38 v. C. W. Roen Constr. Co.*, 183 F.3d 1088, 1092-1093 (9th Cir. 1999).

A False Claims Act complaint need only be specific enough so that each defendant knows of the particular misconduct alleged to constitute fraud, thus enabling him to mount a defense.  *United States ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 2001 U.S. Dist. LEXIS 5123 (D. Haw. 2001).  The Rule simply requires that the elements be established before discovery is allowed to proceed.  *See*, *i.e.*, *Williams v. WMX Techs.*, 112 F.3d 175, 178 (5th Cir. 1997) (holding "[W]hile 9(b) stands as an exception to an overarching policy of immediate access to discovery, it did not reflect a subscription to fact pleading.").  Where Defendants already know the who, what, when and where of the fraudulent claims before the <u>Amended</u> Complaint is even filed, that requirement is satisfied and it is a waste of precious time and resources to subject the Amended Complaint to renewed Rule 9(b) scrutiny.

Blind application of the technical aspects of Rule 9(b) is inappropriate and generally disfavored because its application must be specific to the context of the case and the context of the FCA. *See*, *i.e.*, *United States ex rel. Olloh-Okeke v. Home Care Servs., Inc.*, 1999 U.S. Dist. LEXIS 5177, 6-8 (D. Tex. 1999) (*citing Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993), and holding, "The application of the Rule 9(b) standard is flexible and depends upon the particular circumstances of the litigation at bar.")  In fact, the Amended Complaint need not describe in detail a single specific transaction.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (cited in *United States ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 2d 1062, 1068 (D. Haw. 2001).  The court in *McCarthy* also noted, that relators are not required "to allege, in detail, all facts supporting each and every instance" of fraud over multiple years.  *Id.* at 1068 (D. Haw. 2001) (internal quotation marks omitted).  Clear precedent therefore establishes that Rule 9(b) is not a rigid template to which this Court must subject all FCA complaints, but rather is context-specific, requiring its application under the particular circumstances of the case.  The circumstances of the Amended Complaint demonstrate that Defendants have no grievance for which Rule 9(b) provides a remedy.

Additionally, the application of Rule 9(b) in any case must be harmonized with the other rules of pleading to do substantial justice.  "We must not dim the beacon of Rule 8(f) that 'all pleadings shall be construed as to do substantial

6

justice.' We must give a fair opportunity to plead." *WMX Techs.*, 112 F.3d at 178. In the instant case, Defendants are well acquainted with the who, what, when, and where of the fraudulent claims, they have their substantial justice under Rule 9(b). It would deprive Plaintiffs of substantial justice to grant Defendants' Motion to Dismiss on the solo ground they allege, that the Amended Complaint does not meet the Rule 9(b) notice requirements. Such a dismissal would also be erroneous and would consume resources unnecessarily.

## CONCLUSION

For all of the foregoing reasons, this Court should DENY Defendants Hawai`i Pacific Health, Kauai Medical Clinic, Wilcox Memorial Hospital and Wilcox Health System's Motion To Dismiss Fifth And Sixth Claims Of First Amended Complaint, Filed February 20, 2007.


DATED:   Honolulu, Hawaii, April 23, 2007.

        /s/ Rafael del Castillo
JANICE P. KIM
ARLEEN D. JOUXSON
RAFAEL G. DEL CASTILLO

Attorneys for Plaintiff
JAMES LOCKYER, M.D.